56 F.3d 70
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Cedric ALLEN, Plaintiff-Appellant,
v.
J. FIGUEROA, Correctional Officer, et al., Defendants-Appellees.
 No. 93-15848.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1994.*
Opinion Filed April 21, 1995.
Opinion Withdrawn May 19, 1995.
Decided May 23, 1995.
 
 Before: BOOCHEVER, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Cedric Allen filed a district court action pro se and in forma pauperis under 42 U.S.C. Sec. 1983, claiming that prison officials' actions in placing a potentially violent roommate in his cell and ignoring his warnings of danger violated the Eighth and Fourteenth Amendments. The district court dismissed Allen's claims for destruction of property and for the expunging of a prison report, and dismissed one of the defendants, before the complaint was served. After the government filed a the district court dismissed the complaint for failure to state a claim. Allen appeals.
 
 FACTS
 
 3
 Cedric Allen is a state prisoner confined in the Security Housing Unit of Pelican Bay State Prison in California. On November 14, 1991, Allen filed a civil rights complaint under 42 U.S.C. Sec. 1983 in district court, pro se and in forma pauperis. Allen named as defendants Warden Charles D. Marshall, correctional officer Joseph Figueroa, and correctional sergeant Melody Romines. In his complaint, Allen stated that on August 26, 1991, Figueroa told him he was getting a cellmate. When Clay Morrison, the assigned cellmate, arrived, Allen protested that he did not know him and was not allowed to select a compatible Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994) cellmate. Figueroa promised to move Morrison the next day.
 
 
 4
 Figueroa did not move Morrison, however, and several days later Allen again protested, telling Figueroa he and Morrison did not get along, and that there was a potential for a "violent altercation." Figueroa attempted to find compatible cellmates from a list of names provided by Allen, but was unsuccessful. During this period, Morrison told Allen that he had smashed his last cellmate's television set while the cellmate was in the shower. Morrison also told Allen that he was affiliated with a gang, and had been in a state hospital for the criminally insane.
 
 
 5
 On September 1, 1991, five days after Morrison moved into Allen's cell, Allen "immediately respond[ed] to inmate Morrison's physically aggressive and threatening behavior [and] engaged in an act of physical combat [with Morrison]." A guard closed Morrison inside the cell and Allen went downstairs to be handcuffed and placed in a holding cell. While Allen was downstairs, Morrison destroyed five of Allen's adult magazines and threw Allen's legal documents all over the cell, ignoring Sergeant Romines' instructions to come to the cell door to be handcuffed.
 
 
 6
 Allen submitted an "Inmate Appeals Form," CDC Form 602 ("CDC 602"), which he attached as an exhibit to his complaint. The CDC 602 repeated the facts of Morrison's move into Allen's cell and the fight. Allen requested reimbursement for the magazines, and a chance to talk to the sergeant about cell move procedures and cellmate compatibility. The appeal was first denied at the informal level because under Cal. Code Regs. tit. 15, Sec. 3193(a), prison officials are not liable for loss of personal property resulting from the intentional or careless acts of inmates. When Allen requested a formal resolution of his claim, stating that employee negligence in not moving Morrison out of his cell caused the loss, prison officials offered him five used magazines in replacement, and Allen withdrew his CDC 602. In his complaint, Allen claims that the replacement magazines are inferior.
 
 
 7
 Allen's complaint referred to two other attached exhibits. The first is a "Rules Violation Report," CDC Form 115 ("CDC 115"). The CDC 115 states that Allen started the fight, hitting Morrison when he tried to enter the cell. Allen did not attend the disciplinary hearing, where he was found guilty of violating Director's Rules, section 3005 (C), for "Cell Fight." He was assessed 90 days loss of good-time credit. The remaining exhibit is a Supplemental CDC 115 stating that Morrison did rip Allen's magazines and scatter his papers. Morrison was moved to another cell.
 
 
 8
 Allen's complaint alleges that Romines violated his Eighth Amendment and due process rights by moving Morrison into his cell knowing that a fight would occur; that Figueroa violated his Eighth Amendment rights by displaying "deliberate indifference" to Allen's protests and warnings of danger, causing him mental pain and suffering; and that Warden Marshall knew or should have known of Romines' and Figueroa's deliberate indifference and so was liable for their actions. He requested a declaratory judgment that his right were violated, and a preliminary and permanent injunction requiring Warden Marshall to remove the write-ups of the event from Allen's files, change the policy for the placement of cellmates, and allow inmates to choose compatible cellmates. He also requested a protective injunction prohibiting defendants from retaliating against him for filing suit. Finally, he asked for compensatory and punitive damages.
 
 
 9
 The district court issued an order on February 13, 1992, before Allen's complaint was served on the defendants. The court dismissed Allen's claim regarding the destruction of the magazines, because no state actor was involved or authorized the destruction, and because tort remedies for prison officials' negligent acts were in state court. The court also dismissed Warden Marshall as a defendant, because Marshall could not be sued in his official capacity; denied Allen's request for protection, as he had alleged no facts showing a danger of retaliation; and denied the request for expunging the discipline reports, as the appropriate remedy was habeas corpus, which requires exhaustion of state remedies.
 
 
 10
 On the remaining issue of whether Figueroa and Romines violated Allen's Eighth Amendment rights by acting with deliberate indifference to a threat of injury, the court ordered the state to file within 30 days a special report "includ[ing] a factual summary of the incidents which form the basis for this action. The objective of the report is to give the court a detailed factual account of this matter. This report shall conform to the requirements of Fed. R. Civ. P. 56(e), (f) and (g)." Allen was given 20 days from receipt to file a response. The court granted Allen leave to proceed in forma pauperis, and ordered the complaint and the order served on the state.
 
 
 11
 On March 17, 1992, the state filed a motion to dismiss the remaining Eighth Amendment claim under Fed. R. Civ. P. 12(b)(6), because the complaint did not allege the essential element of injury or pain.
 
 
 12
 Allen did not file an opposition to the motion, but in the following months he made several requests for discovery. He eventually filed a motion to compel, which the court granted in part. The state continued to oppose discovery.
 
 
 13
 Claiming it had forgotten the order to file a special report, the state belatedly filed one on August 25, 1992. The report contained affidavits from Romines and Figueroa. Romines stated that Allen never told her that Morrison presented any physical danger, and that Allen started the fight. An attached medical report indicated that Allen suffered only scratches on his forearms and upper back. Figueroa stated that he tried and failed to match Allen with a compatible roommate of Allen's choice, and that Allen complained only that he did not like Morrison.
 
 
 14
 On December 16, 1992, the district court dismissed Allen's Eighth Amendment claim because "[i]t is undisputed that plaintiff did not suffer any injury," and because "it appears from the special report ... and the declarations filed in support of this motion, that plaintiff himself started the altercation." The court also dismissed Allen's claim for injunctive relief as Allen no longer was housed with Morrison or another problem inmate, and because the Eighth Amendment does not require the relief requested, i.e. the placement of prisoners with compatible roommates. The complaint was dismissed with prejudice.
 
 DISCUSSION
 I. Dismissal before service
 
 15
 The district court's first order dismissed some of Allen's claims before his complaint, filed in forma pauperis, was served. The in forma pauperis statute, 28 U.S.C. Sec. 1915, allows an indigent plaintiff to file an action in federal court without paying the administrative costs of proceeding. To protect against abuse of the statute, a district court may dismiss sua sponte a complaint filed in forma pauperis if the plaintiff is not indigent or if the court is "satisfied that the action is frivolous ...." 28 U.S.C. Sec. 1915(d). A complaint is frivolous under Sec. 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). This is a stricter standard than the standard for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6); if an in forma pauperis complaint raises even an arguable question of law, the plaintiff must be afforded the opportunity to amend the pleadings before dismissal of the claim. See id. at 328-330. This is especially true for the plaintiff proceeding pro se, who "may be less capable of formulating legally competent initial pleadings." Id. at 330. As a result, the "initial assessment of the in forma pauperis plaintiff's factual allegations must be weighted in favor of the plaintiff," and the determination of frivolousness "cannot serve as a factfinding process for the resolution of disputed facts." Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992).
 
 
 16
 Because the determination of frivolousness involves discretion, this court reviews the district court's Sec. 1915 dismissal for an abuse of that discretion, considering "whether the plaintiff was proceeding pro se; whether the court inappropriately resolved genuine issues of disputed fact; whether the court applied erroneous legal conclusions; whether the court has provided a statement explaining the dismissal that facilitates intelligent appellate review; and whether the dismissal was with or without prejudice." Id. at 1734 (citations and quotations omitted). Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to notice and an opportunity to amend the complaint before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).
 
 A. Deprivation of property
 
 17
 A claim of negligent or unauthorized deprivation of property by state officials does not state a federal cause of action under Sec. 1983 if the plaintiff has an adequate post-deprivation state remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides that public employees are liable for injuries to prisoners proximately caused by the employees' negligent or wrongful acts or omissions. See Cal. Gov't Code Sec. 844.6. California Government Code Secs. 900-915 set out the procedure for making claims against public entities. California law thus provides an adequate state post-deprivation remedy for Allen's alleged loss of his magazines.
 
 
 18
 Because Allen has an adequate post-deprivation state remedy, his Sec. 1983 personal property claim lacks an arguable basis in law, and the dismissal was not an abuse of discretion. In addition, because it is clear that no amendment could cure this legal defect, we find it was not error to dismiss without giving Allen the opportunity to amend.
 
 B. Warden Marshall
 
 19
 The district court dismissed the claims against Marshall because Marshall could not be sued in his official capacity or under respondeat superior, and Allen had not shown that Marshall caused the deprivation of his rights, or failed to properly train or supervise personnel. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984) (no respondeat superior under Sec. 1983, but cause of action exists when failure to train or supervise personnel leads to deprivation of constitutional rights). We must weigh Allen's factual allegations in his favor. See Denton, 112 S. Ct. at 1733.
 
 
 20
 Because it is not absolutely clear that Allen could not cure this defect through more specific pleading, i.e. by alleging facts showing that Marshall failed properly to train or supervise personnel with reference to the assignment of cellmates, the district court should have given Allen notice of the deficiencies in the complaint and leave to amend before dismissing Marshall as a defendant under Sec. 1915. See Noll, 809 F.2d at 1448. We find the district court abused its discretion in dismissing Warden Marshall from the complaint.
 
 C. Request for expunging and protection
 
 21
 The district court denied rather than dismissed Allen's request for the removal of all references to the incident from his prison files and for a protective injunction. The district court found that by seeking to expunge from his prison files materials related to the difficulties with his cellmate, Allen was seeking to have his 90 days of good-time credit restored, and his sole remedy was a writ of habeas corpus. Treating the denial of Allen's requested injunctive relief as a dismissal on the merits, see Noll, 809 F.2d at 1447 n.2-3, we first consider whether Allen can request the expunging of the violation reports in his Sec. 1983 complaint.
 
 
 22
 If a state prisoner challenges the fact or duration of his confinement, or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 487-90 (1973); Ybarra, 723 F.2d at 681-82.
 
 
 23
 The effect of expunging of Allen's disciplinary action from prison files would be to restore the 90 days of good-time credit that he lost. That restoration will affect the duration of Allen's confinement, and we agree with the district court that a habeas action is his exclusive remedy. See Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974) (restoration of good-time credits available only in habeas). On remand, the district court should dismiss the Sec. 1983 claim without prejudice because Allen's claim for injunctive relief expunging his prison files may only be addressed in a habeas petition. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam) (when intent to bring a habeas petition is not clear, request for injunctive relief should not be converted into habeas petition, but rather dismissed without prejudice).
 
 
 24
 Second, the district court also denied Allen's request for a protective injunction against retaliation for filing this action. Allen's complaint states no facts at all showing that he was in danger of being subjected to retaliation. The district court must weigh factual allegations in Allen's favor, see Denton, 112 S. Ct. at 1733, but in this case there are no factual allegations to weigh. We find that it was not an abuse of discretion to deny the claim for injunctive relief.
 
 II. Eighth Amendment claims
 
 25
 After the district court's Sec. 1915 dismissal, the claims remaining were Allen's Eighth Amendment claim, alleging Figueroa and Romines violated Allen's right to be free of cruel and unusual punishment by acting with deliberate indifference to the threat of injury posed by his cellmate, and his claim for injunctive relief requiring Marshall to modify the prison policy on assigning cellmates. The district court, after considering the special report filed by the state and the attached affidavits, "dismissed" the complaint with prejudice.
 
 
 26
 Although the Constitution does not require comfortable prisons, "neither does it permit inhumane ones." Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994). "'[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners."' Id. (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.) cert. denied, 488 U.S. 823 (1988)). Nevertheless,
 
 
 27
 a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious" .... For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.
 
 
 28
 Id. at 1977 (citations omitted). Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' .... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id. (citations omitted). The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.
 
 
 29
 A. Eighth Amendment claims against Figueroa and Romines
 
 
 30
 In dismissing Allen's Eighth Amendment claims, the district court considered the special report and its attached affidavits from Romines and Figueroa, as well as the prison medical report.
 
 
 31
 If the district court considers matters outside the pleadings, a Rule 12(b)(6) motion to dismiss "shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b)(6); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). When the district court treats a motion to dismiss as one for summary judgment, it must inform a plaintiff who is proceeding pro se that it is considering more than the pleadings, and must give the plaintiff "a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Garaux v. Pulley, 739 F.2d 437, 438-39 (9th Cir. 1984). This is consistent with the "rule of liberal construction of pleadings presented by pro se litigants, particularly when a motion to dismiss under Rule 12(b)(6) is being considered." Id. at 439.
 
 
 32
 The district court should have construed the state's motion to dismiss, coupled as it was with the special report and the attached materials, as a motion for summary judgment, and should have given Allen notice and an opportunity to respond, with affidavits and supporting materials, before rendering judgment. The district court based its dismissal of his Eighth Amendment claims on the "undisputed" fact that Allen did not suffer any pain or injury as a result of the fight. Allen certainly would have disputed this fact if given notice and opportunity; the medical record attached to Romines' affidavit stated that he was scratched, and on appeal Allen claims his physical injuries were more than de minimis harm. See Hudson v. McMillian, 503 U.S. 1 995, 1000 (1992) (de minimis use of physical force by guards excluded from Eighth Amendment prohibition). The district court also found that it "appears" from the special report and affidavits that Allen started the fight. Allen strenuously disputes this on appeal.[1]
 
 
 33
 Allen should have been able to present his own documents or affidavits in the district court. Although the special report was served on him five months after it was due, and he had been given twenty days to respond in the order requesting the report, that does not substitute for notice from the district court that it intended to proceed as if on a motion for summary judgment, especially given Allen's pro se status. See Garaux, 739 F.2d at 438-39 (when plaintiff is pro se, strict compliance is required with rule requiring notice that court is treating motion to dismiss with attached documents as one for summary judgment, even when plaintiff filed memorandum in opposition). Because the district court did not give Allen such notice, we do not consider the merits of the dismissal. Instead, we remand the case to the district court "so that specific notice, and a fair opportunity to respond, may be given [to Allen] prior to any further consideration of the motion." Id. at 440. The district court should then treat the state's motion as one for summary judgment, and determine whether any material issues of fact remain for trial.
 
 
 34
 We appreciate the district court's difficulty in dealing with the great number of inmate suits. Often filed pro se, the complaints can require the investment of considerable judicial effort simply to discern the nature of the allegations. We understand the desire to handle these suits expeditiously, especially when, as in this case, the complaint's allegations of constitutional violations do not appear to be substantial. Nevertheless, when the district court considers materials and facts outside of the pleadings, whether presented in a special report or otherwise, the procedural requirements for summary judgment must be observed.
 
 B. Request for injunction
 
 35
 The district court's final order denied Allen's claim for an injunction "requir[ing] defendant Charles D. Marshall to direct all his staff to allow inmates in all security housing units to choose a cell-mate whom he is compatible with, rather than forcing two inmates to cell together who don't know each other." Because the district court did not rely on the special report or any of its attached affidavits in making the determination that Allen failed to state a claim for injunctive relief, we consider this a dismissal under Fed. R. Civ. P. 12(b)(6), and review the district court's decision de novo. See Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S. Ct. 655 (1992).
 
 
 36
 There is no legal basis for Allen's claim. While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). In this case, Allen has no Eighth Amendment or due process right to be allowed to choose his cellmate for compatibility, and no facts that Allen could allege will overcome the lack of constitutional basis for his requested injunction. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (double bunking is not unconstitutional); Bell v. Wolfish, 441 U.S. 520, 542 (1979) (pretrial detainees have no due process right to private cell); Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (no due process right to be housed with certain inmates), cert. denied, 115 S. Ct. 100 (1994); C.H. v. Sullivan, 920 F.2d 483, 486 (8th Cir. 1990) (not arbitrary and capricious in violation of due process to select person to be double-celled by seniority).
 
 
 37
 When prison officials have legitimate administrative authority, such as the discretion to move inmates from prison to prison or from cell to cell, the Due Process Clause imposes few restrictions on the use of that authority, regardless of any additional motives which are claimed to exist. It doesn't matter what label is placed on the action or what other reasons may be behind it; nor is it relevant that the conditions of confinement may become less pleasant as a result. We must allow prison officials the freedom to exercise their administrative authority without judicial oversight. Some administrative actions will inevitably make prisoners feel cheated; nevertheless, this does not give them a federal cause of action.
 
 
 38
 Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991) (footnote omitted).
 
 
 39
 The district court properly denied Allen's request for injunctive relief regarding the policy for placing cellmates.
 
 CONCLUSION
 
 40
 We affirm the district court's Sec. 1915 dismissal of Allen's due process claim for deprivation of property, as he has an adequate state remedy.
 
 
 41
 We reverse the district court's Sec. 1915 dismissal with prejudice of Warden Marshall as a defendant because Allen should have been given notice and leave to amend. We affirm the district court's denial of Allen's request for a protective injunction.
 
 
 42
 We remand the portion of Allen's action requesting expunging the disciplinary action and reinstatement of his 90 days good-time credit. This portion of the complaint should be dismissed without prejudice. The claim for injunctive relief may only be addressed in a habeas petition.
 
 
 43
 We find that the district court erred in dismissing with prejudice Allen's Eighth Amendment claims. Because the court treated the motion to dismiss as one for summary judgment, Allen is entitled to specific notice and a fair opportunity to respond before his claims are dismissed. We affirm the denial of the request for an injunction allowing prisoners to choose their cellmates, however, as there is no basis in law for such relief.
 
 
 44
 AFFIRMED in part, REVERSED in part, and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Allen's CDC 115 states that he started the fight. Although Allen attached his prison forms to his complaint, that did not bring in documents "outside" the complaint so as to allow the district court to convert the motion to dismiss into one for summary judgment. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.), cert. denied, 114 S. Ct. 2704 (1994). The district court relied not on the CDC 115, but on the special report and affidavits