HUGHES, APPELLEE, *v.* REGISTRAR, OHIO BUREAU
OF MOTOR VEHICLES, APPELLANT.

[Cite as *Hughes v. Ohio Bur. of Motor Vehicles*
(1997), 79 Ohio St.3d 305.]

(No. 96–718—Submitted April 1, 1997—Decided July 30, 1997.)

306

*Lindhorst & Dreidame, Leo Breslin, Brian M. Kneafsey, Jr.* and *James O'Connell,* for appellee.

*Betty D. Montgomery,* Attorney General, and *William C. Becker,* Assistant Attorney General, for appellant.

---

LUNDBERG STRATTON, J. Because Hughes's driver's license is no longer suspended and the issue of his occupational driving privileges is moot, we must address whether this case presents an issue for our consideration. "Although a case may be moot, a court may hear the appeal where the issues raised are 'capable of repetition, yet evading review.' " *State ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St.3d 165, 527 N.E.2d 807, paragraph one of the syllabus. Many, if not most, of the driver's license suspensions would likely have been completed prior to the date any appeal would have been attempted to this court; thus, we find that this issue could have evaded review. Accordingly, we will consider the equal protection issue raised in this case.

It is a well-founded principle that statutes are presumed to be constitutional. *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59. In reviewing a statute, a court, if possible, will uphold its constitutionality. *Winslow–Spacarb, Inc. v. Evatt* (1945), 144 Ohio St. 471, 475, 30 O.O. 97, 99, 59 N.E.2d 924, 926. All reasonable doubts as to the constitutionality of a statute must be resolved in its favor. *Dickman.* Courts have a duty to liberally construe statutes in order to save them from constitutional infirmities. *Wilson v. Kennedy* (1949), 151 Ohio St. 485, 492, 39 O.O. 301, 304, 86 N.E.2d 722, 725.

In the case at bar, it is asserted that former R.C. 4507.169, which requires that the driver's license of an Ohio resident convicted out of state of DUI be suspended, was constitutionally infirm because it did not provide a mechanism by which that individual may seek occupational driving privileges, while persons convicted of DUI *in* Ohio had a mechanism to petition for occupational driving privileges pursuant to former R.C. 4507.16.[2]

In order to remedy this difference, courts in similar situations have held that former R.C. 4507.169 and 4507.60 must be read *in pari materia* and have determined that a person whose Ohio driver's license had been suspended for an out-of-state DUI conviction pursuant to R.C. 4507.169 had the right to petition for occupational driving privileges in Ohio. See, *e.g., Wright v. Ohio Bur. of Motor Vehicles* (M.C.1994), 67 Ohio Misc.2d 29, 644 N.E.2d 743. In *Wright,* the court determined that since R.C. 4507.60 requires a person convicted of DUI out of state (in a Compact state) to be treated as if he or she were convicted in Ohio, the Compact agreement allowed that person to petition for occupational driving privileges pursuant to R.C. 4507.16. However, the lower court in this case determined that Kentucky was not a Compact state. While we agree that former R.C. 4507.169 cannot be read *in pari materia* with R.C. 4507.60 in this case because Kentucky was not a Compact state, we do not agree that former R.C. 4507.169 is unconstitutional if it is read *in pari materia* with former R.C. 4507.16.

All statutes pertaining to the same general subject matter must be read *in pari materia.* See *Maxfield v. Brooks* (1924), 110 Ohio St. 566, 144 N.E. 725. In construing these provisions together, courts must harmonize and give full application to all provisions "unless they are irreconcilable and in hopeless conflict." *Couts v. Rose* (1950), 152 Ohio St. 458, 461, 40 O.O. 482, 484, 90 N.E.2d 139, 141. For example, if statute "A," literally construed, is constitutionally deficient, and is then read *in pari materia* with a statute "B," statute "B" may set forth a public policy that would provide a constitutional interpretation of statute "A." See *Kropel v. Conlisk* (1975), 60 Ill.2d 17, 25–26, 322 N.E.2d 793, 797–798.

Former R.C. 4507.16 authorized a court to suspend a driver's license for a DUI conviction in Ohio, while former R.C. 4507.169 authorized a court to suspend the license of an Ohio resident who had been convicted out of state of DUI. Thus, both statutes addressed the court's authority to suspend driving privileges in

---

2.  We note that both R.C. 4507.169 and 4507.16 have been revised since this case arose. Despite its revision, R.C. 4507.16 still provides that persons who have their licenses suspended may petition for occupational driving privileges. Effective September 17, 1996, R.C. 4507.169, as part of Am. Sub. H.B. No. 353, was revised to also provide a mechanism to petition for occupational driving privileges under that statute, thereby harmonizing it with our holding in this case.

   Accordingly, because the amendment to R.C. 4507.169 resolves the issue in dispute herein, this case provides guidance only as to those cases arising before September 17, 1996.

Ohio. Comparing R.C. 4507.16 (suspension for in-state convictions) with R.C. 4507.169 (suspension for out-of-state convictions), they differed on the issue of the right to petition for occupational driving privileges—R.C. 4507.16 expressly provided a mechanism to petition for occupational driving privileges while R.C. 4507.169 was silent on the matter. Because both statutes addressed license suspensions, they must be read *in pari materia* and harmonized, if possible. *Couts v. Rose*, 152 Ohio St. at 461, 40 O.O. at 484, 90 N.E.2d at 141.

The General Assembly has determined that persons convicted in Ohio of DUI, whether an Ohio resident or a nonresident, should be afforded an opportunity to petition for occupational driving privileges. This public policy was expressed in former R.C. 4507.16(E), which stated:

"Any person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended pursuant to division (B) or (C) of this section or pursuant to division (F) of section 4511.191 of the Revised Code may file a petition that alleges that the suspension would seriously affect the person's ability to continue his employment. * * * Upon satisfactory proof that there is reasonable cause to believe that the suspension would seriously affect the person's ability to continue his employment, the judge * * * may grant the person occupational driving privileges * * * ." 145 Ohio Laws, Part I, 920.

When an Ohio resident violated a DUI law out of state, he or she was subject to jurisdiction of that state. However, when that person was then subjected to suspension in Ohio pursuant to former R.C. 4507.169, the Equal Protection Clause dictated that he or she have the *same* rights as another Ohio resident who was convicted of a similar violation *in* Ohio.

Therefore, reading R.C. 4507.169 *in pari materia* with R.C. 4507.16, and based upon the public policy expressed in former R.C. 4507.16, we find that a person whose Ohio driver's license was suspended because of an out-of-state DUI conviction may petition for occupational driving privileges in Ohio under former R.C. 4507.169 despite the statute's silence on the issue. See *Kropel v. Conlisk*, 60 Ill.2d at 25, 322 N.E.2d at 797. This comports with our duty to resolve all reasonable doubts as to constitutionality in favor of former R.C. 4507.169. *Dickman.*

Accordingly, we hold that former R.C. 4507.169 is constitutional. Reading former R.C. 4507.169 *in pari materia* with former R.C. 4507.16, an Ohio resident whose driver's license has been suspended in Ohio, under former R.C. 4507.169, based upon an out-of-state conviction for driving while under the influence of drugs or alcohol, may petition for occupational driving privileges in Ohio.

In the case at bar, Hughes was convicted of DUI in Kentucky. Subsequently, the OBMV suspended his Ohio driver's license. However, Hughes was apparently granted occupational driving privileges and has now served his suspension.

Therefore, we reverse the judgment of the court of appeals, find that former R.C. 4507.169 is constitutional, and reaffirm Hughes's suspension with the grant of occupational driving privileges.

*Judgment reversed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., dissents.