THE STATE EX REL. BRUNI, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *State ex rel. Bruni v. Leonard* (1997), 80 Ohio St.3d 475.]

*Mandamus to compel warden of Allen Correctional Institution to assign relator-inmate to a cell with another prisoner with whom he is compatible — Complaint dismissed, when.*

(No. 97-1426 — Submitted October 20, 1997 — Decided December 31, 1997.)

APPEAL from the Court of Appeals for Allen County, No. 1-97-25.

In February 1996, appellant, Joseph R. Bruni, an inmate at Allen Correctional Institution, was assigned to a two-man cell that he shared with inmate Paris McCrary. In September 1996, Bruni began requesting that prison officials transfer him to a different cell because of McCrary's alleged sexual advances, psychological harassment, and destruction of Bruni's property. Bruni, a non-smoker, also requested that his cellmate be a non-smoker. Prison officials denied Bruni's requests, noting that despite Bruni's alleged history of problems, Bruni and McCrary had been assigned to the same cell since February without any reported incidents.

In April 1997, Bruni filed a complaint in the Court of Appeals for Allen County for a writ of mandamus to compel appellee, Allen Correctional Institution Warden Michael Leonard, to assign Bruni to a cell "with another prisoner with whom he * * * is compatible." Bruni claimed entitlement to the writ based on the "cruel and unusual punishment" clauses of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution. After Leonard filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted, Bruni filed a memorandum in opposition to the motion and a "supplemental amendment" to his complaint. In an affidavit attached to his memorandum, Bruni stated that in May 1997, McCrary shoved the

back of his head and threatened him by saying, "bitch you ever put your hands on my shit again * * * I'll bust you in the face." Bruni cited the R.C. 2921.44(C) dereliction-of-duty provision in addition to his prior authority in support of the requested writ of mandamus. The court of appeals granted Leonard's motion and dismissed Bruni's complaint. The court of appeals determined that because Bruni had not demonstrated that he had been harmed or subjected to an unreasonable risk of future harm, he was not entitled to be transferred to a cell with a "compatible" cellmate. Prior to appealing the judgment, McCrary was transferred to another cell, and Bruni got a new cellmate.

This cause is now before the court upon an appeal as of right.

_____

*Joseph R. Bruni, pro se.*

*Betty D. Montgomery*, Attorney General, and *Brian M. Zets*, Assistant Attorney General, for appellee.

_____

**Per Curiam.** Bruni asserts in his propositions of law that the court of appeals erred in granting Leonard's Civ.R. 12(B)(6) motion and dismissing his complaint. For the following reasons, Bruni's assertions are meritless.

First, Bruni possessed an adequate legal remedy by way of a federal civil rights action under Section 1983, Title 42, U.S.Code, to raise his Eighth Amendment claim. *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559, 560, 653 N.E.2d 371, 373; *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 91-92, 637 N.E.2d 306, 309.

Second, Bruni has no constitutional right to a "compatible" cellmate. See, generally, *Allen v. Figueroa* (May 23, 1995), C.A. 9, No. 93-15848, unreported, 1995 WL 314704, and cases cited therein ("In this case, Allen has no Eighth

Amendment or due process right to be allowed to choose his cellmate for compatibility, and no facts that Allen could allege will overcome the lack of constitutional basis for his requested injunction.").

Third, Bruni's claims on appeal are moot insofar as they relate to his allegations of assault and harassment by cellmate McCrary, since prison officials transferred McCrary out of Bruni's cell in July. See *Hughes v. Ohio Bur. of Motor Vehicles* (1997), 79 Ohio St.3d 305, 307, 681 N.E.2d 430, 432 (An appeal rendered moot may be determined by court if issues are capable of repetition yet evading review.). There is no indication here that the issues raised by Bruni relating to being in the same cell as McCrary are capable of repetition yet evading review.

Finally, Bruni does not contend that his new cellmate is causing an unreasonable health risk to him. Bruni only claims that his new cellmate is a smoker; he does not specifically allege any cognizable action for dereliction of duties imposed upon prison officials by R.C. 2921.44(C). Cf. *Helling v. McKinney* (1993), 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (Health risk posed by prison personnel's exposure of inmate to environmental tobacco smoke stated cause of action under Section 1983, Title 42, U.S. Code for violation of Cruel and Unusual Punishment Clause of Eighth Amendment where inmate alleged that (1) he was assigned to a cell with another inmate who smoked five packs of cigarettes a day, (2) cigarettes were sold to inmates without a proper health hazard warning, (3) certain cigarettes burned continuously and released some type of chemical, and (4) the plaintiff inmate suffered from health problems caused by exposure to cigarette smoke.); *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114 (Inmates are required to plead

specific facts rather than unsupported conclusions in order to withstand dismissal of complaint for writ of mandamus.).

Accordingly, based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

_____

**LUNDBERG STRATTON, J., concurring.**    Prison officials transferred McCrary out of Bruni's cell on July 7, 1997, three days before Bruni filed his notice of appeal in this court.  Therefore, Bruni's claims are moot to the extent that they relate to his claims of assault and harassment by cellmate McCrary. Accordingly, it is unnecessary for the majority to reach the first two issues.