Per Curiam.

Bruni asserts in his propositions of law that the court of appeals erred in granting Leonard’s Civ.R. 12(B)(6) motion and dismissing his complaint. For the following reasons, Bruni’s assertions are meritless.
First, Bruni possessed an adequate legal remedy by way of a federal civil rights action under Section 1983, Title 42, U.S.Code, to raise his Eighth Amendment claim. State ex rel. Peeples v. Anderson (1995), 73 Ohio St.3d 559, 560, 653 N.E.2d 371, 373; State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 91-92, 637 N.E.2d 306, 309.
Second, Bruni has no constitutional right to a “compatible” cellmate. See, generally, Allen v. Figueroa (May 23, 1995), C.A.9, No. 93-15848, unreported, 1995 WL 314704, and cases cited therein (“In this case, Allen has no Eighth Amendment or due process right to be allowed to choose his cellmate for compatibility, and no facts that Allen could allege will overcome the lack of constitutional basis for his requested injunction.”).
Third, Bruni’s claims on appeal are moot insofar as they relate to his allegations of assault and harassment by cellmate McCrary, since prison officials transferred McCrary out of Bruni’s cell in July. See Hughes v. Ohio Bur. of Motor Vehicles (1997), 79 Ohio St.3d 305, 307, 681 N.E.2d 430, 432 (An appeal rendered moot may be determined by court if issues are capable of repetition yet evading review.). There is no indication here that the issues raised by Bruni relating to being in the same cell as McCrary are capable of repetition yet evading review.
Finally, Bruni does not contend that his new cellmate is causing an unreasonable health risk to him. Bruni only claims that his new cellmate is a smoker; he does not specifically allege any cognizable action for dereliction of duties imposed upon prison officials by R.C. 2921.44(C). Cf. Helling v. McKinney (1993), 509 *477 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (Health risk posed by prison personnel’s exposure of inmate to environmental tobacco smoke stated cause of action under Section 1983, Title 42, U.S.Code for violation of Cruel and Unusual Punishment Clause of Eighth Amendment where inmate alleged that (1) he was assigned to a cell with another inmate who smoked five packs of cigarettes a day, (2) cigarettes were sold to inmates without a proper health hazard warning, (3) certain cigarettes burned continuously and released some type of chemical, and (4) the plaintiff inmate suffered from health problems caused by exposure to cigarette smoke.); State ex rel. Fain v. Summit Cty. Adult Probation Dept. (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114 (Inmates are required to plead specific facts rather than unsupported conclusions in order to withstand dismissal of complaint for writ of mandamus.).
Accordingly, based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer and Cook, JJ., concur.
Lundberg Stratton, J., concurs separately.