DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant City of Medina ("the City") has appealed the judgment of the Medina County Common Pleas Court entering summary judgment in favor of Appellee F.M.D. Limited Partnership ("F.M.D."). The trial court found that Medina Codified Ordinance1113.06 violated the Just Takings Clause of the United States Constitution, the Equal Protection Clauses of the United States and Ohio Constitutions, and the Due Process Clause of the United States Constitution. Based upon this disposition, the trial court entered summary judgment in favor of Appellee. Appellant now argues that the trial court erred by declaring Medina Codified Ordinance 1113.06 to be unconstitutional. We reverse and remand.
 I.
F.M.D. initiated this action on December 4, 1995, seeking injunctive and declaratory relief to declare Medina Codified Ordinance 1113.06, Open Space Provisions, to be unconstitutional.
In May 1970, the City enacted the original ordinance beginning the open space and land program. The ordinance required either payment of a fee, or dedication of land, as a prerequisite to obtaining a building permit for new home purchasers and real estate developers. As originally enacted, the ordinance required payment of $100 per dwelling unit in the proposed development, or dedication of land for recreational use. The monies received pursuant to the ordinance were to be used to "purchase or improve park and playground sites which [would] serve the development for which the payment was made."
The ordinance was amended to increase the payment to $200 per dwelling unit, and also to divide the City into four quadrants. As amended, the ordinance required the monies acquired pursuant to the law to be used to "purchase or improve public open space land which [would] serve the quadrant of the City in which the subdivision for which payment [was] made [was] located unless Council approve[d] the use of such payment in a different quadrant." The City enacted numerous other amendments to the ordinance raising the amount required per dwelling unit. At the commencement of this action, F.M.D. was required to pay $700 per dwelling unit, pursuant to the open space statute, prior to beginning development of an apartment complex. F.M.D. paid the City a total of $196,000, in lieu of dedicating land, under Medina Codified Ordinance 1113.06.
F.M.D. filed suit challenging the constitutionality of the ordinance. The trial court found the statute to be unconstitutional on several bases, granted F.M.D.'s motion for summary judgment, and denied the City's motion for summary judgment. The City has timely appealed presenting one assignment of error.
 II. Assignment of Error The Trial Court erred in granting Appellee's Motion forSummary Judgment and in denying Appellant's Motion forPartial Summary Judgment where the Trial Court failed toindulge the presumption of constitutionality and failedto apply the proper legal standard, i.e. the rationalbasis test, to each of Appellee's constitutional claims.
When reviewing a trial court's ruling on a motion for summary judgment, an appellate court will not afford the trial court any special deference because only legal questions are involved.Bridge v. Munroe Falls (Oct. 7, 1998), Summit App. No. 19086, unreported at 2. Thus, the appellate court must apply the same standard used by the trial court and will review the matter denovo. Id.
Civ.R. 56(C) provides that summary judgment should be granted where no genuine issue as to any material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and in viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to that party. In Vahila v. Hall (1997), 77 Ohio St.3d 421, the Ohio State Supreme Court set forth the obligations of a party that moves for summary judgment as follows:
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."
(Alteration in original; emphasis omitted.) Id. at 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. In this case, the City has argued that the trial court erred by declaring Medina Codified Ordinance 1113.06 unconstitutional, and thereby improperly entered summary judgment in favor of F.M.D., and erroneously denied their motion for summary judgment.
We begin by noting that a statute enjoys a strong presumption of constitutionality. Hughes v. Ohio Bur. of MotorVehicles (1997), 79 Ohio St.3d 305, 307. "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State ex rel. Dickman v.Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. The presumption of validity of such legislative enactment cannot be overcome unless there is a clear conflict between the legislation in question and some particular provision or provisions of the Ohio or United States Constitution. Xenia v.Schmidt (1920), 101 Ohio St. 437, paragraph two of the syllabus. However, the presumption that laws are constitutional is rebuttable, Adamsky v. Buckeye Local School Dist. (1995), 73 Ohio St.3d 360,361, and the party challenging the constitutionality of the statute bears the burden of demonstrating its constitutional infirmity. Arnold v. Cleveland (1993), 67 Ohio St.3d 35, 38-39. Thus, Medina Codified Ordinance 1113.06 enjoys the presumption of constitutional validity, and it was F.M.D.'s burden to demonstrate its constitutional shortcomings. However, it is unclear from the record whether the trial court properly adhered to these principles and made a finding beyond a reasonable doubt that the ordinance was unconstitutional.
The City presents several additional issues for this Court's review pertaining to the trial court's judgment declaring Medina Codified Ordinance 1113.06 to be unconstitutional. This cause originated as an action for injunctive relief and declaratory judgment. R.C. 2721.02 empowers a court to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." R.C. 2721.03 permits an interested party "whose rights, status, or other legal relations are affected by a * * * statute, * * * municipal ordinance, [or] township resolution, * * * [to] have determined any question of construction or validity arising under such * * * statute, * * * ordinance, [or] resolution, * * * and obtain a declaration of rights, status, or other legal relations thereunder." Thus, in an action for declaratory judgment the trial court must fully address the issues presented and make a declaration of the rights, status or legal relations of the parties. This Court held in IAFF Local #267 v. Lorain (Apr. 20, 1994), Lorain App. No. 93CA005629, unreported, that "a trial court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration." Id. at 3, citing Waldeck v. North College Hill (1985), 24 Ohio App.3d 189,190.
In the instant case, the trial court sustained F.M.D.'s motion for summary judgment by summarily declaring that Medina Codified Ordinance 1113.06 was unconstitutional. The trial court's findings merely indicate that it determined that the ordinance "does violate the Just Takings Clause of the Federal Constitution, the Equal Protection Clause of the Ohio Constitution and the 14th Amendment of the Federal Constitution, and the Due Process Clause of the Federal Constitution." Although the ordinance, or its present execution, may in fact raise constitutional concerns, the trial court failed to set forth any constitutional construction of the ordinance. The court did not establish any applicable constitutional standard in reaching its conclusion, or make a factual determination relating to the standards employed. It is insufficient to sustain a motion for summary judgment where the trial court makes only a conclusory declaration that the ordinance in issue is unconstitutional. In order to fulfill its obligation pursuant to R.C. 2721.03, the trial court must determine the appropriate constitutional tests, make appropriate findings of fact, and apply those facts to the constitutional standard. Because the trial court's judgment was deficient, this Court must reverse and remand this case for a declaration of the parties' rights as required by R.C. 2721.03. See IAFF, supra, at 4.
Therefore, the trial court erred by granting F.M.D.'s motion for summary judgment, but properly denied the City's summary judgment motion. Thus, the City's assignment of error is sustained in part, overruled in part, and the cause is remanded for further proceedings consistent with this opinion.[1]
 Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
CARR, J., CONCURS
DICKINSON, J., CONCURS IN JUDGMENT ONLY
[1] Having reversed and remanded because of the deficiency in the trial court's judgment, we will not comment further on the merit of the City's assigned error.