OPINION
{¶ 1} Appellant, Franklin R. Caltrider, Registrar, Bureau of Motor Vehicles, appeals a decision of the Columbiana County Municipal Court, Southwest Division, vacating an administrative suspension of the driver's license of appellee, John Springer.
 {¶ 2} On July 24, 2002, appellee, an Ohio resident, pleaded no contest to driving under the influence (DUI) and driving under suspension (DUS) in Hancock County Court, West Virginia. On September 18, 2002, appellant mailed appellee a notice that his Ohio driver's license was being suspended for six months effective October 9, 2002, pursuant to R.C. 4507.169. R.C. 4507.169, authorizes the registrar of motor vehicles to suspend the Ohio driver's license of a driver convicted in another state for an offense that is "substantially similar" to Ohio's offense of driving under the influence or other related offenses. In appellee's case, his suspension was based upon his DUI conviction in West Virginia.
 {¶ 3} On October 8, 2002, appellee filed a pleading captioned "APPEAL OF DRIVING SUSPENSION" in Columbiana County Municipal Court, Southwest Division. Appellee argued that imposition of the suspension in addition to his West Virginia sentence violated the double jeopardy clauses of the Ohio and United States Constitutions. Appellee also argued that Ohio lacked any "real or substantial relation" to the crime for which appellee was convicted in West Virginia. Appellee cited to two unreported municipal court cases finding R.C. 4507.169 violated double jeopardy as applied to petitioners therein. On December 2, 2002, the trial court agreed and declared the license suspension imposed by appellant "null and void." This appeal followed.
 {¶ 4} Appellant's first assignment of error states:
 {¶ 5} "The court below erred in vacating the driver's license suspension of Appellee, in effect finding it had jurisdiction, when Appellee did not comply with the mandatory requirements necessary to invoke jurisdiction in an appeal of a driver's license suspension."
 {¶ 6} Appellant argues that the relevant and controlling authority for an appeal of a driver's license suspension is R.C. 119.12, which states that license suspension appeals must be appealed to the court of common pleas. Therefore, appellant argues, the municipal court was without jurisdiction to entertain the appeal of appellee's driver's license suspension. Appellee argues that since he was challenging the constitutionality of R.C. 4507.169, his appeal was in fact a declaratory judgment action over which the municipal court had jurisdiction.
 {¶ 7} Initially, it should be noted that the record does not support appellee's underlying argument. Nowhere in his October 8, 2002 pleading captioned "APPEAL OF DRIVING SUSPENSION" does appellee seek a declaration that R.C. 4507.169 is unconstitutional. The Ohio Supreme Court has made clear that R.C. 4507.169 is constitutional. Hughes v. OhioBur. of Motor Vehicles (1997), 79 Ohio St.3d 305, 681 N.E.2d 430. Rather, appellee sought to have his suspension found "improper" based upon his assertion that R.C. 4507.169 was unconstitutional as applied tohim.
 {¶ 8} In Irwin v. Ohio Bur. of Motor Vehicles, 2d Dist. No. 19358, 2003-Ohio-207, the Second District took up this similar procedural issue. In Irwin, the BMV suspended petitioner's Ohio driver's license pursuant to R.C. 4509.37 and 4509.101. R.C. 4509.37 and 4509.101
authorizes the registrar of motor vehicles to suspend the Ohio driver's license of an uninsured driver. Petitioner had been involved in an accident, had damages rendered against her, and was not insured. The petitioner appealed to municipal court seeking to have the suspension set aside. The municipal court "overruled" the license suspension and the BMV appealed. The BMV argued that the municipal court was without jurisdiction to entertain an administrative appeal from a driver's license suspension pursuant to R.C. 4509.37. The Second District agreed stating:
 {¶ 9} "R.C. 4509.37 and 4509.101(A)(1)(a) do not include any specific provisions for appeal to a trial court. Accordingly, we agree with the Bureau that an administrative appeal, to a trial court, is governed by R.C. 119.12. That statute provides for appeals by `any party adversely affected by any order of an agency * * * revoking or suspending a license' to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident."
 {¶ 10} In this case, R.C. 4507.169 likewise does not include any specific provisions for appeal to a municipal court. Rather, the statute implies that an administrative appeal is the proper procedure. R.C.4507.169(B), the subdivision that deals with suspensions resulting from a DUI conviction, states in relevant part:
 {¶ 11} "[I]f the person wishes to appeal the suspension or denial, the person must file a notice of appeal within twenty-one days of the date of the notice requesting a hearing on the matter. If the person requests a hearing, the registrar shall hold the hearing not more than forty days after receipt by the registrar of the notice of appeal. The filing of a notice of appeal does not stay the operation of the suspension or denial that must be imposed pursuant to this division. The scope of the hearing shall be limited to whether the person actually was convicted of or pleaded guilty to the offense for which the suspension or denial is to be imposed."
 {¶ 12} In contrast, R.C. 4507.169(E) specifically allows a person to file a petition in the municipal or county court for occupational driving privileges.
 {¶ 13} Therefore, based on the foregoing, we find that the municipal court did not have jurisdiction to review or vacate the appellant's administrative suspension of appellee's driver's license.
 {¶ 14} Accordingly, appellant's first assignment of error is with merit.
 {¶ 15} Appellant's second and third assignments of error state respectively:
 {¶ 16} "The court below erred when it failed to dismiss Appellee's appeal of his driver's license suspension for failure to exhaust administrative remedies."
 {¶ 17} "The court below erred when it decided that R.C. 4507.169, the basis of Appellee's driver's license suspension, was unconstitutional."
 {¶ 18} Based on the resolution of appellant's first assignment of error, its second and third assignments of error are rendered moot and need not be addressed. App.R. 12(A)(1)(c).
 {¶ 19} The judgment of the trial court is hereby reversed and set aside.
Vukovich and DeGenaro, JJ. concur.