OPINION
{ ¶ 1} Appellant Robert Becker, Licking County Prosecutor, appeals from a declaratory judgment in favor of Appellees Kenneth L. Schwart, Nathan Harding, and David Metzger in the Licking County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
{ ¶ 2} During the summer of 2004, copies of a composite image consisting of a pornographic photograph of a female, along with a copy of a newspaper-published photograph of a uniformed female Pataskala police officer, were mailed to a number of businesses and law enforcement agencies in the Licking County area. The apparent intent of document was to have the viewer draw the conclusion that the female in the pornographic photograph was the police officer seen in the other photograph and named in the text which accompanied the image. Several captions are on the document, including the following: "More pictures of your professional officer Cuming (sic) to a predominant business person near you!!"
{ ¶ 3} After an investigation, police officials named Appellees Schwart, Harding, and Metzger as suspects in the production or mailing of the document. In an attempt to determine the feasibility of filing certain criminal charges, i.e., those which would require the State to prove the pornographic photograph was "obscene" as an element of the offense, the prosecuting attorney filed a complaint for a declaratory judgment under R.C. 2907.36.
{ ¶ 4} On July 21, 2005, defendant Harding filed a motion for summary judgment, arguing that the photograph did not depict sexual conduct as defined by R.C. 2907.01(A). In a judgment entry filed December 19, 2005, the trial court granted said motion for summary judgment in favor of appellees, concluding as follows: "As the photograph distributed in the case herein does not depict sexual conduct as defined by R.C. 2907.01
and the Fifth District Court of Appeals, this Court is bound to grant summary judgment." Judgment Entry at 2.
{ ¶ 5} On January 17, 2006, appellant filed a notice of appeal and herein raises the following sole Assignment of Error:
{ ¶ 6} "I. REVERSIBLE ERROR IS COMMITTED WHEN A MATERIAL OR PERFORMANCE IS DETERMINED, AS A MATTER OF LAW, NOT TO BE`OBSCENE' SOLELY BECAUSE IT DOES NOT DEPICT ACTIVITY THAT MEETS OHIO'S STATUTORY DEFINITION OF`SEXUAL CONDUCT' AS DEFINED BY R.C. 2907.01(A)."
 I. { ¶ 7} In his sole Assignment of Error, appellant contends the trial court erred as a matter of law in finding the document in question not to be "obscene" solely because it does not portray "sexual conduct" as defined by statute.
{ ¶ 8} Appellant essentially asks us to effectively reconsider the two leading cases from this Court on the issue of the definition of obscenity: State v. Minard (December 10, 1990), Stark App. No. CA-8303, and State v. Shuster (Dec. 27,1994), Stark App. No. 94 CA 0074. However, for the reasons that follow, we find it unnecessary to reach this analysis.
{ ¶ 9} Appellant brought this action on October 26, 2004 pursuant to R.C. 2907.36(A)(1), which states that "[t]he chief legal officer of the jurisdiction in which there is reasonable cause to believe that section2907.31 or 2907.32 of the Revised Code is being or is about to beviolated" has standing to file a declaratory judgment action to determine whether particular materials or performances are obscene or harmful to juveniles. (Emphasis added.) Paragraph four of appellant's complaint alleges as follows:
{ ¶ 10} "Defendant/respondents (hereinafter simply "defendants") engaged, as principle (sic) offenders or as accomplices, in certain activity that brought about the creation and/or dissemination of the said photographs, and accordingly violated Ohio Revised Code Sections2907.31 and/or 2907.32. As a result, the defendants herein are potential defendants in the event plaintiff seeks criminal charges under Ohio Revised Code Sections 2907.31 and/or 2907.32."
{ ¶ 11} The complaint also alleges that the distribution of the copies of the pornographic document took place "[d]uring the month of July, 2004." As such, the complaint clearly alleges a fait accompli, as opposed to ongoing or future conduct as specifically called for in R.C.2907.36(A)(1), supra. We find this attempted utilization of the statute in this manner highly questionable, if not impermissible.
{ ¶ 12} Moreover, appellant presently asserts that he filed the declaratory judgment action to address the question of "whether the pornographic photograph could be the basis for a criminal charge that required, as an element of the offense, that the State prove that the photograph was `obscene.'" Appellant's Brief at 1. Nonetheless, whether such materials meet the established legal definition of obscenity is an issue properly determined by a future jury. See State v. Keaton (1996),113 Ohio App.3d 696, 700, 681 N.E.2d 1375. "In an obscenity trial, the trier of fact must determine, among other factors, whether the average person applying contemporary community standards would find that the work taken as a whole appeals to the prurient interest." State v.Williams (1990), 75 Ohio App.3d 102, 112, 598 N.E.2d 1250, citingMiller v. California (1973), 413 U.S. 15, 24. Assuming, arguendo, appellant seeks to pre-adjudicate a particular element of a potential criminal charge via a declaratory judgment pursuant to R.C. 2907.36, we would be unwilling to approve such a maneuver under said statute, as appellees would have the constitutional right to have all the elements of a pandering obscenity charge heard by a jury. It is a well-established rule of construction that statutes are to be interpreted so as to avoid a finding of unconstitutionality. See, e.g.,Hughes v. Registrar (1997), 79 Ohio St.3d 305, 681 N.E.2d 430.
{ ¶ 13} Given the procedural history of this case, the judgment entry under appeal simply says what it says. While we understand appellant's wish to have this Court revisit its precedent on the obscenity standard for the purposes of future prosecutions, we are by no means required to render an advisory opinion or to rule on a question of law that cannot affect matters at issue in the present case. See State v. Bistricky
(1990), 66 Ohio App.3d 395, 397, 584 N.E.2d 75. Therefore, we find no basis for further redress of the obscenity issue set forth in appellant's sole Assignment of Error.
{ ¶ 14} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Licking County, Ohio, is dismissed.
Wise, P. J. Gwin, J., concurs. Edwards, J., dissents.