{¶ 31} I respectfully dissent.
 {¶ 32} Based on the tortured history of this case, Irving L. Rosenblatt, as executor of Lena B. Simons' estate, obtained a judgment in Case No. 99 CVA 007 against Thomas and Ruth Fairmakes in the amount of $5,000 for attorneys' fees incurred by Rosenblatt in the litigation of the concealment of assets suit.[4] The legal services for which such attorneys fees were awarded were provided by appellant.
 {¶ 33} The majority asserts that Rosenblatt was the executor and, therefore, was the interested party and was awarded attorney fees in the concealment action. This position misconstrues the nature of the action and of Rosenblatt's role. "A proceeding for the discovery of concealed or embezzled assets of an estate, brought under R.C. 2109.50, is a special proceeding of a summary, inquisitorial character whose purpose is to facilitate the administration of estates by summarily retrieving assets that rightfully belong there." State ex rel. Goldberg v. Mahoning Cty.Probate Court, 93 Ohio St.3d 160, 162, 2001-Ohio-1297 (citations omitted). It is the estate, not Rosenblatt, that is the real party in interest and that was entitled to recover whatever "fees" were awarded in the concealment action. Rosenblatt had no personal interest in the action or its outcome. Cf. Civ.R. 17(A) (allowing the executor of an estate to bring an action "in his name as such representative without joining withhim the party for whose benefit the action is brought) (emphasis added).
 {¶ 34} By definition, then, any services appellant rendered Rosenblatt in prosecuting the concealment action were rendered on behalf of the estate. Therefore, appellant is entitled to reasonable compensation from the estate.
 {¶ 35} "When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration." R.C. 2113.36. While the probate court has broad discretion in determining what constitutes reasonable fees, it does not have discretion regarding whether to allow fees. When services have been rendered for the benefit of the estate, "reasonable attorney fees * * * shall be allowed." See In re Estate of Duffy, 148 Ohio App.3d 574,2002-Ohio-3844, at ¶¶ 18-19.
 {¶ 36} Rosenblatt was only entitled to recover attorneys fees by virtue of his position as representative of the estate. Rosenblatt had no legal authority to retain attorneys' fees for services rendered on behalf of the estate that he did not provide. The $5,000 awarded was properly an asset of the estate. There is no evidence that Rosenblatt paid appellant $5,000 for her legal services in Case No. 99 CVA 007. There is no evidence that the estate's payment to appellant for her legal services in connection with the administration of the estate included payment to appellant for her legal services in connection with Case No. 99 CVA 007. In fact, appellant's unrebutted testimony was that appellant was entitled to the additional $5,000 from the concealment action.
 {¶ 37} Since the estate collected the $5,000 from Thomas and Ruth Fairmakes as payment of attorneys' fees incurred by Rosenblatt on behalf of the estate, the question is whether appellant, as the attorney who provided the services relating to those fees, was paid for those services. If appellant was paid for those litigation services when the estate paid her attorneys' fees for the administration of the estate, appellant is entitled to no additional compensation. However, if fees were awarded the estate as compensation for appellant's services and appellant has never been compensated for those services, appellant is entitled to payment. The estate has no legal authority to collect attorneys' fees from third parties having concealed assets belonging to the estate and then fail to compensate the attorney for whose services those fees were collected. Such conduct would constitute fraud on the court in which the estate sought to collect such attorneys' fees.
 {¶ 38} In this case, appellant's testimony that she was entitled to payment of $5,000 from the estate for her legal services in the concealment litigation is unrebutted and consistent with the estate's claim that it incurred $5,000 in costs for such legal services. In the absence of any evidence that appellant was otherwise compensated by the estate for such litigation services, the only evidence in the record supports appellant's claim. Neither the estate nor Rosenblatt had legal authority to retain the $5,000 paid as reimbursement for legal services appellant provided to the estate in the concealment suit.
 {¶ 39} The decision of the Trumbull County Court of Common Pleas, Probate Division, should be reversed.
[4] Although Case No. 99 CVA 007 is not before us, the award of $5,000 for attorneys' fees as part of Rosenblatt's proceeding under R.C. 2109.50
to recover concealed estate assets is peculiar. Pursuant to R.C. 2109.50
and R.C. 2109.52, the prevailing party in a concealment action is entitled to "all costs of such proceedings. "The general rule in Ohio is that, in the absence of statutory provision making attorneys' fees a part of the costs, such fees can not be so taxed." State ex rel. Michaels v.Morse (1956), 165 Ohio St. 599, 607. See Arneault v. Arneault, 4th Dist. No. 02CA60, 2003-Ohio-4553, at ¶¶ 13-17.