JOURNAL ENTRY AND OPINION
{¶ 1} GLS Capital Cuyahoga, Inc., plaintiff-appellant,[1] appeals the decision of the trial court overruling its objections to the magistrate's decision and sustaining the magistrate's award to it of attorney fees in the amount of $850. For the reasons that follow, we reverse and remand.
 {¶ 2} The record before us demonstrates that appellant is in the business of purchasing tax certificates from the Cuyahoga County Treasurer at public auctions. Appellant then attempts for a one-year period to collect on the balance owed on the certificates. If appellant is unsuccessful in its attempt, it proceeds to foreclosure pursuant to R.C. 5721.37.
 {¶ 3} On October 29, 2002, the Administrative Judge for the Cuyahoga County Court of Common Pleas put forth an order stating that attorneys representing certificate holders in cases filed pursuant to R.C. 5721.37 are entitled to a fee of $850 "unless otherwise determined by the Court."
 {¶ 4} At the time appellant filed this case on October 17, 2003, it had been filing these types of cases for approximately two years. Initially, appellant contracted with its private attorneys handling the cases for a flat fee of $850. However, as a result of procedural changes made by the Cuyahoga County Magistrate's Department in prosecuting foreclosure cases, appellant and its private attorneys agreed to a fee amount of $1,476.
 {¶ 5} On June 29, 2004, appellant filed a motion for $1,476 in attorney fees for this case. Appellant also sought to have the court's prior order setting fees amended from $850 to $1,476 and brought the issue before the Administrative Judge again. The Administrative Judge declined to rule on the matter, and instead, referred it to the Civil Rules Committee of the Cuyahoga County Common Pleas Court. The Civil Rules Committee subsequently passed, effective July 1, 2004, Loc. R. 24(E) of the Court of Common Pleas of Cuyahoga County, which provides as follows:
 {¶ 6} "(E) In cases filed pursuant to O.R.C. § 5721.37, for the foreclosure of real estate tax certificates, attorneys representing the certificate holder shall be entitled to a reasonable attorney's fee of $850.00 if the case is prosecuted to final judgment and satisfaction. Attorneys representing certificate holders may not move for additional fees except in contested cases where extraordinary circumstances are demonstrated. For the purpose of this rule, extraordinary circumstances are present in a contested case, where not only an answer has been filed, but also opposition to the prosecuting party's claims in the form of discovery, responses to motions for summary judgment, or other opposition beyond initial pleadings had occurred."
 {¶ 7} On August 31, 2004, the magistrate issued his decision denying appellant's request for fees in the amount of $1,476 and awarding appellant fees in the amount of $850. On September 18, 2004, appellant filed its objections to the magistrate's decision. On March 18, 2005, a hearing was held on appellant's objections. At the conclusion of the hearing, in reliance upon Loc.R. 24(E), the trial court overruled appellant's objections and sustained the magistrate's decision. Appellant now appeals and presents three assignments of error for our review.
 {¶ 8} In its first assignment of error, appellant contends that the trial court erred by applying Loc.R. 24(E) to this case. Specifically, appellant argues that because Loc.R. 24(E) conflicts with R.C. 5721.39, it is invalid. We agree.
 {¶ 9} It is well settled that a local court rule is invalid if it conflicts with a state statute. State ex rel. Gudzinas v.Constantino (1988), 43 Ohio App.3d 52, 53, 539 N.E.2d 173. Here, Loc. R. 24(E)'s limitation of attorney fees to $850 "except in contested cases where extraordinary circumstances are demonstrated[,]" conflicts with R.C. 5721.39's provision that "the court shall enter a finding * * * including, without limitation, the fees and costs of the prosecuting attorney represented by the fee paid under division (B)(3) of section5721.38 of the Revised Code or the fees and costs of the private attorney representing the certificate holder."
 {¶ 10} Because Loc.R. 24(E) conflicts with R.C. 5721.39, it is invalid. Accordingly, appellant's first assignment of error is sustained.
 {¶ 11} In its second assignment of error, appellant argues that the trial court erred by retroactively applying Loc.R. 24(E).
 {¶ 12} In a case similar to this case, the Seventh Appellate District held that the trial court erred in applying a local rule to reduce attorney fees because the local rule was not in effect at the time the request was made and the rule did not indicate that it was to be applied retroactively. In re Estate Windsor,
Mahoning App. No. 03 MA 184, 2004-Ohio-6213. We agree with the Seventh Appellate District.
 {¶ 13} Here, appellant filed its request for $1,476 in attorney fees prior to the enactment of Loc.R. 24(E). Further, Loc.R. 24(E) does not provide that it is to be applied retroactively.
 {¶ 14} Accordingly, appellant's second assignment of error is sustained.
 {¶ 15} In its third and final assignment of error, appellant maintains that the trial court abused its discretion by overruling the magistrate's decision and denying its request for attorney fees.
 {¶ 16} Having found in the first two assignments of error that the trial court erred by retroactively applying Loc.R. 24(E) and applying it in conflict with R.C. 5721.39, we further find that the trial court erred by not deciding appellant's motion pursuant to the governing authority. In particular, attorney fees in all matters are governed by DR 2-106. Sup.R. 71(A). DR 2-106 lists factors, such as time, labor, novelty, fee customarily charged, and the nature and length of the professional relationship, a court should use as a guide when determining the reasonableness of a fee. See DR 2-106(B). The trial court's decision regarding the reasonableness of fees must be based upon the evidence of the actual services performed by the attorneys and upon the reasonable value of those services. While the payment of reasonable attorney fees and litigation expenses lies within the sound discretion of the trial court, a trial court abuses its discretion when its decision is not supported by the record or is contrary to law.
 {¶ 17} Because the trial court relied on Loc.R. 24(E) in setting the attorney fees in this case, its decision was contrary to law. Accordingly, appellant's third assignment of error is sustained. Upon remand, the trial court should consider appellant's motion for attorney fees in accordance with DR 2-106.
Judgment reversed; case remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Sweeney, J., concur.
[1] GLS Capital Cuyahoga, Inc. is the successor in interest to Plymouth Park Tax Services, LLC, and the substituted plaintiff in this case.