JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, City of Cleveland, Central Collection Agency ("City"), appeals the decision of the trial court adopting the magistrate's decision. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 {¶ 2} This is a consolidated appeal arising out of two separate judgments from the Small Claims Division of the Cleveland Municipal Court. This appeal involves Case Nos. 04-CVI-32191 and 04-CVI-26581. Both cases were brought by the City to recover taxes due, and both cases deal with the execution of judgments relating to the collection of municipal income taxes.
 {¶ 3} The City received judgments in both cases; the magistrate's decisions attached time-to-pay orders to the judgments and stayed execution of those judgments pending payments being made as scheduled. The City filed objections to the stay of execution and time-to-pay orders. The lower court overruled those objections and adopted the magistrate's decisions. The City now appeals from the judgment entries denying and overruling its objections.
 {¶ 4} According to the record, the City entered into a payment agreement with taxpayer Regina Kleve ("Kleve") on November 12, 2003. Kleve agreed to pay $25 a month to satisfy her tax debt. However, she was unable to pay the tax obligation, and the City filed suit on December 10, 2004. On March 10, 2005, Kleve appeared in court and acknowledged liability on the claim, and the City received judgment in the amount of $1,422.04. The magistrate imposed a time-to-pay order and stayed execution of the judgment pending $25 monthly payments to the City until the judgment is fully satisfied.
 {¶ 5} In City of Cleveland v. Thomas Mann and Betty Mann
("Mann"), the facts are substantially similar to Kleve. InMann, the taxpayers failed to pay municipal income taxes. The taxpayers first presented themselves to the Central Collection Agency on November 21, 2003, paying $125 on that date, and claimed that they were unable to pay the remaining balance at that time. Similar to the other case in this appeal, the City entered into a payment agreement with the taxpayers whereby they agreed to pay $25 a month. The payments were not made. On October 7, 2004, the City filed suit. The City gave the taxpayers additional time to pay the taxes, continuing the case for 90 days. During that 90-day period, a single $20 payment was made. On March 10, 2005, the taxpayers appeared in court, and the City received judgment in the amount of $616.82. The magistrate imposed a time-to-pay order and stayed execution of the judgment, pending $35 monthly payments to the City until the judgment is fully satisfied. Appellant now appeals.
 I. {¶ 6} Appellant's assignment of error states the following: "The trial court erred when it denied and overruled the City of Cleveland's ("City") Objections to the Magistrate's Decisions."
 II. {¶ 7} Our standard of review in an appeal from a decision of a trial court adopting a magistrate's decision under Civ.R. 53(E)(4) is whether the trial court abused its discretion.George Thomas Contractor, Inc. v. Hackmann (Mar. 8, 2001), Franklin App. No. 00AP-877. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} An appellate court will not reverse the trial court's decision if it is supported by some competent, credible evidence.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 9} R.C. 1925.13(A) provides in pertinent part:
"(A) The court, in its discretion, may order that the judgment, interest, and costs be paid at a certain date or by specified weekly installments, and, during compliance with the order, the court may stay the issue of execution and other proceedings in aid of execution. The court may modify or vacate the stay at any time."
 {¶ 10} Moreover, Civ.R. 62(A) states the following:
"(A) Stay on motion for new trial or for judgment. — In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of anyjudgment or stay any proceedings to enforce judgment pending the disposition of a motion for a new trial, or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment notwithstanding the verdict made pursuant to Rule 50."
(Emphasis added.)
 {¶ 11} In addition to the Revised Code sections above, local rules also provide support for the lower court's actions. For example, Cleveland Municipal Court Loc.R. 13.10(B) provides, in part, that "[t]he court, in its discretion, may order that the judgment, interest and costs be paid pursuant to a monthly time payment schedule."
 {¶ 12} A judgment in a civil action brought in the small claims division of a municipal or county court is recorded in the same manner and has the same force and effect as any other judgment of the court. R.C. 1925.12. The judgment may be modified or vacated in the same manner as in other civil actions. R.C.1925.14. The court has the discretion to order that the judgment, interest, and costs be paid at a certain date or by specified weekly installments, and during compliance with the order, the court may stay the issue of execution and other proceedings in aid of execution; the stay may be modified or vacated at any time. R.C. 1925.13(A). Moreover, a defendant who admits the claim, but who desires time in which to pay, may state that fact at the time of trial. Where this is done, judgment may be entered for the plaintiff at the time set for trial, and the defendant's request may be considered by the court in determining whether there should be a stay of execution to permit the deferred payment or a weekly order of payment. R.C. 1925.06. See, also, 23 Oh.Jur. Courts and Judges, § 361 Entry of judgment; collection and enforcement.
 {¶ 13} R.C. 1925.06 provides: "A defendant who admits the claim but desires time in which to pay, may state that fact at the time set for trial, and where this is done, judgment may be entered for the plaintiff at the time set for trial, and this request may be considered by a court in determining whether there shall be a stay of execution to permit deferred payment or a weekly order of payment." R.C. 1925.13 allows a court "in its discretion" to order installment payments. There is nothing in R.C. 1925.13 requiring the willingness of a party to pay nor is there any requirement that an order of installment payments be entered at the time of the initial judgment. Shadwick v.Wolford (Apr. 4, 1990), Gallia App. No. 88 CA 19.
 {¶ 14} A municipal court judge has the inherent power to promulgate local rules of court delineating the procedure to be followed in actions before him or her. Furthermore, R.C.1901.14(A)(2) provides that a municipal court judge has the right to adopt rules of procedure. Lager v. Pittman (2000),140 Ohio App.3d 227, 233.
 {¶ 15} Unless the lower court abused its discretion in ordering the installment payments, we cannot reverse. For a decision of a trial court to be considered an abuse of discretion, there must be more than an error of law or judgment. Instead, the decision must have been "arbitrary, unreasonable, or unconscionable." Sandusky Properties v. Aveni (1984),15 Ohio St.3d 273. In the case sub judice, there was no abuse of discretion. Although appellees had not yet paid the judgment after it was ordered, the trial court was still within its right to allow appellees additional time to pay the taxes owed. It was not unreasonable for the court to order installment payments to attempt to aid appellees in satisfying the judgment.
 {¶ 16} Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Blackmon, J., Concur.