THE STATE OF OHIO, EX REL. GUDZINAS, *v.* CONSTANTINO, CLERK.

(No. 3968—Decided
July 25, 1988.)

*Margaret Alise Waller,* for relator.
*Thomas E. Carney,* for respondent.

*Per Curiam.* This is an original action in mandamus. Relator Rita Gudzinas seeks a writ ordering respondent Karen Constantino, Clerk of Court of the Girard Municipal Court, to accept rent money, tendered pursuant to R.C. 5321.07, without requiring the prepayment of a $25 fee as court costs. The parties have submitted an agreed statement of facts, a synopsis of which follows.

Relator resides at 402 Caroline Avenue, No. 9, in Hubbard, Trumbull County, Ohio. As a tenant, relator pays rent of $200 per month, which is due by the fifth day of each month. On August 26, 1987, relator served a written notice on her landlord, requesting that certain repairs be made. When no action was taken, relator notified the landlord that she would deposit her October rent with the Clerk of Court of the Girard Municipal Court if the repairs were not completed. Again, no action was taken.

In accordance with R.C. 5321.07 (B), relator attempted to deposit her October rent payment with the Clerk of Court on October 5, 1987. However, she was informed that her rent money would not be accepted unless a $25 fee was paid in advance. The demand was made pursuant to a local court rule, which provided that one percent of the deposit or a $25 minimum must be paid as court costs when a landlord-tenant application is filed.

Through her counsel, relator again requested that respondent accept her rent money without requiring the payment of the fee. When no response was received, relator deposited the money with her counsel and then filed a complaint in mandamus with this court. On October 26, 1987, this court issued an alternative writ.

The issue presented in this action is whether the local rule of the Girard Municipal Court governing court costs conflicts with R.C. 5321.08(D). Although municipal judges have the power under R.C. 1901.14(A)(3) to adopt rules governing the administration of the court, such rules are invalid if they conflict with state statute. See *Cassidy* v. *Glossip* (1967), 12 Ohio St. 2d 17, 41 O.O. 2d 153, 231 N.E. 2d 64. Relator argues that the local rule directly conflicts with R.C. 5321.08 because the fee charged is greater than that permitted under the statute. This argument has merit.

R.C. 5321.04 states that a landlord is obligated to make all necessary repairs and keep the leasehold in a fit and habitable condition. R.C. 5321.07 provides the tenant a way to force the landlord to fulfill this obligation. If, after notice, the landlord has not made any necessary repair and the tenant is current in rent payment, all future rent which becomes due can be deposited with the clerk of court until the repairs have been completed. In the present case, the parties have stipulated that relator has met both of the conditions necessary to invoke this section.

R.C. 5321.08 governs the duties of

the clerk of court in executing the prior section. Subsection (D) provides:

"For his costs, the clerk may charge a fee of one per cent of the amount of the rent deposited, which shall be assessed as court costs."

The Girard Municipal Court rule concerning court costs states that the fee for filing a landlord-tenant application is $25 minimum or one percent of the total deposit. Relator sought to deposit $200 with the clerk, and thus under the local rule was required to pay in advance the $25 minimum. Relator argues that respondent cannot charge her $23 extra because R.C. 5321.08(D) specifically limits the fee to one percent of the amount deposited.

Respondent contends that the word "may" in subsection (D) gives the municipal court the discretion to charge more than one percent. The Ohio Supreme Court has held that "* * * the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary * * *, at least where there is nothing in the language or in the sense or policy of the provision to require an unusual interpretation * * *." *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102, 107, 56 O.O. 2d 58, 60, 271 N.E. 2d 834, 837. But the discretion given the court under the present section would be limited to charging less than one percent. If the section allowed the clerk to charge a reasonable fee, respondent's interpretation would be sound. When a specific figure is given, though, the word "may" implies that an amount greater than one percent cannot be charged.

Relator also argues that the local rule conflicts with the landlord-tenant statutes, in a second manner, in that it requires the payment of the fee in advance. R.C. 5321.09 states the various ways in which a landlord can recover the rent after it has been deposited with the clerk. R.C. 5321.09(C) provides that the rent can only be released after court costs have been deducted. For example, if the tenant verifies that the repairs have been made, the "clerk shall forthwith release the rent, less costs, to the landlord * * *." R.C. 5321.09(A)(1). When read in conjunction with the preceding provisions, the statute clearly places the onus of paying the fee on the landlord after the procedure has been completed. This result is consistent with the goal of the provisions since it was the failure of the landlord to meet his obligations that instigated the procedure.

Respondent does not attempt to refute this argument, but relies upon the general power of courts to establish rules governing their administration. As was mentioned earlier, court rules cannot directly conflict with valid state statutes. Normally, of course, the setting of fees would be within a court's discretion. But in this instance, the legislature has created a unique procedure and has placed a limit on the amount of the fee. The Girard Municipal Court rule conflicts with the statute and is invalid.

In the agreed statement of facts, the parties stipulated that relator had no adequate remedy at law, besides the present action. Thus, respondent's argument that relator could have filed an affidavit of poverty is also without merit.

We therefore order that the writ of mandamus issue in this matter.

*Writ allowed.*

Ford, P.J., Cook and Christley, JJ., concur.