LAGER, Public Defender,

v.

PITTMAN, Judge.

[Cite as *Lager v. Pittman* (2000), 140 Ohio App.3d 227.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 99–P–0036.

Decided Nov. 13, 2000.

228

*Dennis Day Lager,* Portage County Public Defender, *pro se.*

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Denise L. Smith,* Assistant Prosecuting Attorney, for respondent.

*Per Curiam.*

The instant action in prohibition is presently before this court for consideration of the parties' competing motions for summary judgment. After reviewing each party's respective legal arguments and evidential materials, we conclude that relator, attorney Dennis Day Lager, is entitled to the issuance of the writ because he has established that respondent, Judge Laurie J. Pittman, has acted beyond the scope of her authority. As a result, judgment will be entered in his favor on the prohibition petition.

Relator is the Director of the Office of the Portage County Public Defender, having been appointed to that position by the Portage County Public Defender Commission in August 1997. At issue is his statutory obligation to ensure that indigency investigations are conducted in regard to certain persons who are criminal defendants in actions at various courts throughout Portage County.

Respondent is a judge of the Portage County Municipal Court, having been elected to her seat in November 1997. Prior to respondent's assumption of office, the court itself had regularly conducted indigency interviews and subsequently determined indigency status under R.C. 120.05(B). This was done because it was generally believed that relator's office did not have sufficient manpower to conduct the indigency interviews and make such determinations.

In January 1999, respondent became the presiding judge of the municipal court. As the presiding judge, respondent immediately gave formal notice to relator that his office would be required, per R.C. 120.05(B), to reassume the obligation of performing the indigency interviews for the municipal court.

At first, relator's office was required to conduct the interviews only in relation to those criminal defendants whose initial appearances were held at the Ravenna Division of the municipal court. After eight months, respondent then told relator that his office would also be required to perform the interviews for the Kent Division of the municipal court. Under this procedure, relator's employees were

not required to perform the interviews at the Kent Division; instead, the Kent defendants would be directed by the court to go to the Ravenna Division for the interviews.

Approximately one month after the "Kent" procedure had taken effect, respondent issued a judgment entry that required that a member of relator's staff be physically present at all initial appearances conducted at both the Kent and Ravenna divisions:

"The Portage County Municipal Court hereby orders the Portage County Public Defender's Office to have a representative at every arraignment session. This would include the Ravenna Municipal Court, Kent Municipal Court, as well as all jail arraignments." [1]

Immediately after the issuance of the foregoing judgment entry, relator initiated the instant action in prohibition. As the primary allegation in his petition, relator asserted that respondent had exceeded the scope of her authority as a municipal court judge in requiring his staff to perform the indigency interview contemporaneous with an initial appearance of a defendant. For his ultimate relief, relator requested this court to render an order prohibiting respondent from taking any steps to enforce her judgment entry.

After respondent had answered the petition, the parties filed competing motions for summary judgment. Our review of the evidential materials accompanying both motions indicates that, in regard to the essential allegations in the petition, there are no material factual disputes. A summary of the undisputed factual points has been set forth in the foregoing statement of facts.

Thus, our final decision will turn on the resolution of the following legal issue: Does a municipal court judge have the authority to require a county public defender to conduct indigency interviews at a particular time and place?

---

1. As an aside, this court would note that we consider respondent's use of the word "arraignment" in her judgment entry to be somewhat confusing. The evidential materials before us show that respondent intended for relator's employees to be present whenever a criminal defendant will enter a plea. Under the Ohio Rules of Criminal Procedure, a defendant in a misdemeanor or felony proceeding can enter his initial plea at either his initial appearance in municipal court or an arraignment in common pleas court. Therefore, as respondent is a municipal court judge, her judgment entry should have referred to initial appearance hearings in misdemeanor cases.

It has been the experience of this court that many attorneys tend to use the terms "initial appearance" and "arraignment" interchangeably, despite the fact that there is a considerable distinction between them. For the purposes of this opinion, this court will assume that respondent intended for the word "arraignment" in her judgment entry to include a defendant's initial appearance. However, we would emphasize that, even if our interpretation of respondent's language is incorrect, it would not have any effect on our legal analysis.

Relator argues that respondent has exceeded her authority because she is trying to exercise control over the manner in which he operates the public defender's office. In response, respondent asserts that a municipal court judge has the inherent power to control the manner in which an indigency determination is made.

The answer to this query lies in the specific provisions of R.C. Chapter 120. R.C. 120.16(A) provides that a county public defender must give legal representation to all indigent individuals who are charged with a criminal offense for which the possible penalty includes a loss of liberty. Subsection (B) of that same statute further states that a public defender must provide such representation at every stage of a case "following arrest, detention, service of summons, or indictment."

R.C. 120.15(D) states that, prior to providing legal representation for a criminal defendant, a county public defender must determine whether the defendant is actually indigent. However, this provision also states that a county public defender must perform the indigency determination in the same manner as the State Public Defender. In turn, R.C. 120.05 sets forth the provisions governing the State Public Defender's decision regarding whether representation should be provided in a given case:

"(A) The determination of indigency shall be made by the state public defender, subject to review by the court. * * *

"(B) The state public defender shall investigate the financial status of each person to be represented, at the *earliest time the circumstances permit,* and may require the person represented to disclose the records of public or private income sources and property, otherwise confidential, which may be of aid in determining indigency. * * * The court, before whom a person seeking representation is taken, may determine the person's eligibility for legal representation by the state public defender.

"(C) If a determination of eligibility cannot be made before the time when the first services are to be rendered by the state public defender, *he shall render such services on a provisional basis.* If the state public defender, or the court on review, subsequently determines that the person receiving the services is ineligible, the public defender shall notify the person of the termination of his services." (Emphasis added.)

Focusing on the "the earliest time the circumstances permit" language in R.C. 120.05(B), relator argues that the county public defender has been implicitly given the discretion to decide when to perform the financial investigation. Furthermore, relator maintains that a judge can change only the final indigency decision itself, *i.e.,* is or is not the person indigent?

After reviewing R.C. 120.05, this court concludes that relator's argument concerning the existence of his discretion to control the indigency determination is correct. However, we further conclude that if relator chooses to delay his decision on the indigency matter, he is, nevertheless, still responsible for provisional representation to the defendant in question until the final indigency determination is finally rendered.

The first principle in statutory interpretation is that the legislative intent must be followed. *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 227, 685 N.E.2d 754, 757–758. As the courts of this state have consistently recognized, the intent of the legislature is derived from the wording of the statutes and from the general purpose the statutes are designed to serve. *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680, 682–683. Furthermore, all provisions that relate to the same subject matter must be read *in pari materia*, meaning that all aspects of a statutory scheme must be interpreted harmoniously and given complete application. *Hughes v. Ohio Bur. of Motor Vehicles* (1997), 79 Ohio St.3d 305, 308, 681 N.E.2d 430, 432–433.

Applying the foregoing rules to R.C. Chapter 120, we hold that the wording of the various provisions readily shows that the Ohio General Assembly intended for a county public defender to be able to exercise its discretion as to when the indigency determination is made. As was noted above, R.C. 120.05(B) states that the indigency determination is to be made at the "earliest time" the circumstances of the case allow. The inclusion of this language indicates that the legislature was mindful of the fact that circumstances may dictate that the decision cannot be made immediately after the trial court first becomes aware that the defendant might be indigent. Although the statute does direct a public defender to make the decision at the "earliest time the circumstances permit," it also acknowledges in R.C. 120.05(C) that such a time might be delayed, to wit: "If a determination of eligibility cannot be made before the time when the first services are to be rendered by the state public defender, he shall render such services on a provisional basis."

Obviously, provisional representation would not be needed if the indigency determination had to be made at the start of a criminal proceeding. Accordingly, a county public defender cannot be required to make an indigency determination at the time the defendant enters his initial plea.

Given that respondent cannot control the timing of relator's final determination, it follows that she cannot dictate the procedure to be employed in reaching that decision. If we were to hold that respondent could order a member of relator's staff to be present at all initial appearances to determine indigency, then relator's statutory right to delay the determination would become meaningless.

To this extent, we agree with relator's assertion that respondent has the power under the statutory scheme only to review the final merits of the indigency determination. Any other interpretation would conflict with the discretion granted a public defender under R.C. 120.05(B).

We understand that, in issuing the judgment entry setting forth the "presence" requirement, respondent was attempting to regulate the flow of criminal cases in her court. As a municipal court judge, respondent has the inherent power to promulgate local rules of court delineating the procedure to be followed in actions before her. Furthermore, R.C. 1901.14(A)(2) provides that a municipal court judge has the right to adopt rules of procedure.

■ However, it is well settled under Ohio law that a local rule of court will be declared invalid if it conflicts with a state statute. See *Lee v. Heckelmann* (Sept. 8, 1995), Lake App. No. 95–L–013, unreported, 1995 WL 787403; *State ex rel. Gudzinas v. Constantino* (1988), 43 Ohio App.3d 52, 539 N.E.2d 173. Therefore, respondent's judgment entry cannot be upheld because it conflicts with relator's statutory grant of discretion. Respondent's inherent authority to regulate the proceedings before her does not extend to matters that are statutorily regulated.

■ Notwithstanding our holding as to the validity of respondent's judgment entry, this court would emphasize that when relator chooses to invoke his right to delay the indigency determination, he would still have the corresponding obligation to provide provisional representation to the potential client, per R.C. 120.05(C). Since a defendant has a constitutional right to be represented by counsel at all critical stages of a proceeding, there may be circumstances that would obligate relator to provide the provisional representation almost immediately after the initial appearance. As a result, this court sees little benefit to relator in delaying such determination.

For example, if the defendant is charged with a felony offense and does not waive a preliminary hearing, relator's office would have to provide provisional representation at such a hearing before respondent within ten or fifteen days after his arrest or service of summons. See Crim.R. 5(B). Similarly, if the defendant is charged with a fourth-degree misdemeanor, relator would have to represent him at trial within forty-five days if no appropriate continuance were to be granted. See R.C. 2945.71(B)(1).

In this regard, this court would indicate as dicta that, in our estimation, the performance of a preliminary interview at the time of the initial appearance is a logical procedure. Such a procedure would assist a public defender in distinguishing between the individuals who *might* qualify for subsequent representation and those who clearly will not. In this respect, the procedure would decrease the number of instances in which a county public defender will provide

provisional representation to a defendant who is subsequently found not to be indigent. However, it is clearly within relator's discretion to decide if the performance of such an interview during the initial appearance should continue.

However, even if relator should decide not to conduct the interview at each initial appearance, it should not disrupt the flow of criminal actions before the respondent's court. Given relator's statutory obligation to provide provisional services until his office makes its final indigency determination, the cases should proceed at the same pace as if a private attorney were representing the defendant. Moreover, even if the provisional representation is discontinued in the middle of the case, any delay caused by obtaining private counsel will toll the running of the time limits for a speedy trial if properly journalized. See *N. Olmsted v. Cipiti* (1996), 114 Ohio App.3d 549, 683 N.E.2d 795.

Finally, it should be noted that our holding in this matter does not leave respondent without any means of controlling the pace of the cases before her. Once respondent has initially decided to refer a criminal case to relator's office for the indigency determination, she can list relator's office as the attorney of record in that case and then proceed with regular scheduling and other processing. The burden would then fall on relator's office to decide whether to make the indigency determination immediately or to continue to provide provisional representation until an indigency determination is made.

Furthermore, should relator delay in making the foregoing choice, respondent can commence the appropriate proceedings to compel relator to fulfill his obligation. That is, similar to the means by which trial courts seek to compel public officials to comply with requests for court funding, respondent can compel relator to take action on the matter through either contempt or mandamus proceedings. Cf. *In re Furnishings for Courtroom Two* (1981), 66 Ohio St.2d 427, 430, 20 O.O.3d 367, 369–370, 423 N.E.2d 86, 88–89. As to the former remedy, we would emphasize that, before finding relator in contempt in a given case, respondent would have to provide relator the proper opportunity to show cause as to why his office is not satisfying, or is unable to perform, its obligation. However, if relator does not establish proper cause for the delay, respondent can then issue the necessary order to require him either to provide provisional representation or make the indigency determination.

Before a writ of prohibition will be issued to prevent a judicial officer from proceeding in a matter, it must be shown that the officer intends to exercise her judicial power, that the intended use is unauthorized under the law, and that the relator cannot obtain the same relief in a separate legal action. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. Thus, to be entitled to summary judgment in a prohibition action, the relator must establish as to each of the foregoing elements that (1) there is no genuine factual

disputes remaining to be tried; (2) the state of the evidence is such that, even if that evidence is interpreted in a manner most favorable to the opposing party, reasonable minds could reach a conclusion only against the opposing party; and (3) the relator is entitled to the entry of judgment as a matter of law. *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1131–1132.

In light of the foregoing discussion, this court holds that relator in this action has satisfied the summary judgment standard in regard to the prohibition claim raised in his petition. Not only are there no factual disputes as to the manner in which respondent has tried to exercise her judicial power, but relator is entitled to judgment as a matter of law because the requirement of respondent's judgment entry is inconsistent with the discretion given to a county public defender under R.C. 120.05(B).

Accordingly, respondent's motion for summary judgment is hereby granted. It is the order of this court that a writ of prohibition shall be rendered against respondent in regard to her judgment entry of April 20, 1999. Specifically, it is hereby ordered that respondent shall take no further steps to require relator and his employees to be present at all initial appearances proceedings of the Portage County Municipal Court and to conduct indigency interviews at that time.

*Writ granted.*

FORD, P.J., CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.