In re ESTATE OF DUFFY.

[Cite as *In re Estate of Duffy*, 148 Ohio App.3d 574, 2002-Ohio-3844.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 2001–G–2385.

Decided July 26, 2002.

Paul J. Mooney, pro se.

DONALD R. FORD, Judge.

{¶ 1}  Appellant, Paul J. Mooney, appeals from the August 30, 2001 judgment entry of the Geauga County Court of Common Pleas, Probate Division.

{¶ 2}  Appellant served as both executor and attorney for the estate of John L. Duffy ("decedent").  On May 26, 2000, appellant filed applications to probate the will of decedent and for authority to administer the estate.  Both of these applications identified appellant as the executor and attorney for the estate.  Appellant filed an application for payment of attorney fees on April 13, 2001.  The application specified in detail the 21.25 hours of work he performed as the attorney for the estate.  He billed the estate at an hourly rate of $85, resulting in charges totaling $1,806.25.  All of the legatees, devisees, or heirs of the estate consented to the payment of those fees.  In an April 17, 2001 judgment entry, the trial court approved the payment of those fees, subject to approval of the final account.  The total value of the personal property per inventory plus proceeds of real estate sold under authority of the will, real estate not sold, and non-probate property subject to Ohio estate tax was $865,872.29.[1]

{¶ 3}  On August 28, 2001, a hearing was held with respect to a final and distributive account filed by appellant on August 10.  On August 30, 2001, the trial court issued its judgment entry, ordering appellant to reimburse the estate for the amount of attorney fees taken.  The trial court's ruling was premised on appellant's failure to comply with Local Probate Rule 12.4 ("Loc.R. 12.4"), which states:

{¶ 4}  "Any professional serving as a fiduciary who also wishes to be compensated for professional services provided to the estate must have a contract for those services pre-approved by the Court.  Any proposed contract for services shall be served on all interested parties and may be ruled upon without hearing if no objection is [filed]."

{¶ 5}  Appellant has filed a timely appeal and makes the following assignment of error:

---

1.  This figure was derived from the computation of executor fees filed by appellant with the trial court.  In his brief, appellant states that the total federal gross estate was in the amount of $1,033,418.60.  This court is unable to confirm this figure from the record before us.

{¶ 6} "The probate court erred by ordering reimbursement of attorney fees to the estate and thereby not allowing the payment of attorney fees to the estate attorney on grounds that said attorney served also as executor to the estate."

{¶ 7} R.C. 2113.36 provides that if an attorney has been employed in the administration of an estate, reasonable attorney fees shall be allowed.[2] This court has held that when an individual acts as both executor and attorney for an estate, a probate court should award him attorney fees for the reasonable value of his legal services. *In re Lindquist* (Oct. 7, 1994), 11th Dist. No. 93–P–0110, 1994 WL 587979, at *1. The Second Appellate District has stated that when an executor also serves as the attorney for an estate, the value of the services performed in the role of attorney and their reasonableness must be demonstrated on the record. *In re Secoy* (1984), 19 Ohio App.3d 269, 274, 19 OBR 439, 484 N.E.2d 160. DR 2–106(B) provides the following guidelines for a determination of the reasonableness of attorney fees:

{¶ 8} "A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

{¶ 9} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

{¶ 10} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

{¶ 11} "(3) The fee customarily charged in the locality for similar legal services.

{¶ 12} "(4) The amount involved and the results obtained.

{¶ 13} "(5) The time limitations imposed by the client or by the circumstances.

{¶ 14} "(6) The nature and length of the professional relationship with the client.

{¶ 15} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

{¶ 16} "(8) Whether the fee is fixed or contingent."

{¶ 17} In applying those factors to the instant case, there is nothing to suggest that appellant's fees were unreasonable. A review of appellant's fee

---

2. R.C. 2113.36 states, in part, "When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof."

statement indicates that over ten hours of the time he billed for legal services involved the preparation of tax release forms and Ohio and Federal estate tax forms. Further, the total value of his legal services represents significantly less than one percent of the value of the total estate.

{¶ 18} The trial court, in the instant matter, never attempted to determine the reasonableness of appellant's fees. Instead, it summarily concluded that appellant had been adequately compensated by the fiduciary fee he received as executor of the estate; therefore, he was not entitled to attorney fees. We disagree. In view of *Lindquist* and *Secoy*, appellant is clearly entitled to attorney fees if he can demonstrate that he provided those services in his capacity as attorney rather than executor, and that those fees are reasonable.

{¶ 19} The trial court also relied on Loc.R. 12.4 in making its determination that appellant was not entitled to attorney fees. Loc.R. 12.4 provides that a fiduciary, who wishes to also be compensated for providing professional services to an estate, must have his contract for those services pre-approved by the probate court. Thus, Loc.R. 12.4 places additional restraints on the payment of attorney fees beyond those found in R.C. 2113.36, which mandates that "reasonable attorney fees * * * shall be allowed * * *." The application of Loc.R. 12.4 would prohibit the payment of attorney fees to an executor, who also provided legal services to an estate, if that individual failed to obtain the court's pre-approval of a contract for the legal services. R.C. 2113.36 does not contemplate such a restriction on the payment of reasonable attorney fees. Therefore, Loc.R. 12.4 is in conflict with R.C. 2113.36.

{¶ 20} This court has previously held that while municipal judges have the power to adopt rules governing the administration of their court, such rules may not conflict with state statute, and are invalid if such a conflict exists. *State ex rel. Gudzinas v. Constantino* (1988), 43 Ohio App.3d 52, 53, 539 N.E.2d 173; see *Lager v. Pittman* (2000), 140 Ohio App.3d 227, 233, 746 N.E.2d 1199 (" * * * it is well settled under Ohio law that a local rule of court will be declared invalid if it conflicts with a state statute"). Because Loc.R. 12.4 conflicts with R.C. 2113.36, it is invalid and can have no bearing on the determination as to whether appellant is entitled to receive reasonable attorney fees.

{¶ 21} For the foregoing reasons, appellant's sole assignment of error is well taken, and this matter is remanded to Geauga County Court of Common Pleas, Probate Division, for further proceedings consistent with this opinion. On remand, the trial court should directly address the issue of the reasonableness of the attorney fees requested by appellant.

Judgment reversed
and cause remanded.

WILLIAM M. O'NEILL, P.J., and NADER, J., concur.