[Cite as *Shaker House, L.L.C. v. Daniel*, 2022-Ohio-2778.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

SHAKER HOUSE LLC,                    :

    Plaintiff-Appellant,         :

                                        No. 111183

    v.                           :

CHRISTOPHER DANIEL,                  :

    Defendant-Appellee.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 11, 2022

---

Civil Appeal from the Cleveland Municipal Court
Housing Court Division
Case No. 2021 CVG 008203

---

## *Appearances:*

Dworken & Bernstein Co., L.P.A., Grant J. Keating, and Patrick J. Perotti, *for appellant.*

Danielle Gadomski Littleton and Abigail C. Staudt, urging affirmance for amicus curiae The Legal Aid Society of Cleveland.

Anastasia A. Elder, urging affirmance for amicus curiae Schubert Center for Child Studies, Case Western Reserve University.

Ulmer & Berne LLP and Michael N. Ungar, urging affirmance for amicus curiae United Way of Greater Cleveland.

Ulmer & Berne LLP and Michael N. Ungar, urging affirmance for amicus curiae Enterprise Community Partners, and Environmental Health Watch.

Baker Hostetler and Chad W. Makuch, urging affirmance for amicus curiae The George Gund Foundation.

Susan Jagers, urging affirmance for amicus curiae Ohio Poverty Law Center, LLC.

Kristen Finzel Lewis, urging affirmance for amicus curiae Southeastern Ohio Legal Services.

Heather L. Hall, urging affirmance for amicus curiae Advocates for Basic Legal Equality, Inc.

John Schrider, urging affirmance for amicus curiae Legal Aid Society of Southwest Ohio, LLC.

Benjamin D. Horne, urging affirmance for amicus curiae The Legal Aid Society of Columbus.

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Shaker House Limited Liability Company ("Shaker House"), appeals an order of the Cleveland Municipal Court, Housing Division ("housing court"), dismissing its complaint for forcible entry and detainer against defendant-appellee, Christopher Daniel ("Daniel"). Shaker House claims the following error:

> The trial court erred in dismissing appellant's eviction complaint for failing to comply with Housing Court Local Rule 3.015.

{¶ 2} Daniel has not filed an appellee brief. However, the Legal Aid Society of Cleveland, Enterprise Community Partners, Environmental Health Watch,

Schubert Center for Child Studies of Case Western Reserve University, the George Gund Foundation, United Way of Greater Cleveland, the Legal Aid Society of Southwest Ohio, LLC, Southeastern Ohio Legal Services, Advocates for Basic Legal Equity, Inc., and the Ohio Poverty Law Center, LLC (collectively "the Amici") have filed a merit brief of amici curiae in support of Daniel.

{¶ 3} After reviewing the briefs and applicable law, we find that Loc.R. 3.015 of the Cleveland Municipal Court, Housing Division, is invalid, and we reverse the trial court's judgment.

## I. Facts and Procedural History

{¶ 4} Shaker House is the owner of an apartment complex known as the "Shaker House Apartments" located on Shaker Boulevard in Cleveland, Ohio. Daniel, who leased an apartment in the Shaker House Apartments, failed to pay rent in accordance with parties' written lease. Shaker House served him with a three-day notice to vacate the premises on July 8, 2021, but Daniel did not vacate the premises. As a result, in August 2021, Shaker House filed a complaint for forcible entry and detainer in the housing court. It is undisputed that Shaker House complied with all the requirements of R.C. 1923.01 et seq. for obtaining restitution of the premises and all the local rules of the housing court, except for Loc.R. 3.015.

{¶ 5} Loc.R. 3.015 requires that landlords establish compliance with Cleveland Codified Ordinance ("C.C.O.") 365.04, Cleveland's lead-safe certification ordinance, as a precondition to obtaining an eviction. C.C.O. 365.04(a) provides, in relevant part:

Any residential rental unit originally constructed prior to January 1, 1978 is presumed to have lead-based paint. It is the policy of the City to help prevent the poisoning of children by requiring that the presence of deteriorated lead-based paint on the interior and exterior of residential rental structures built before January 1, 1978 be identified and correctly addressed by reducing and controlling lead-based paint hazards which may be present, in order to prevent human exposure to these hazards. Therefore, it is the further policy of the City to require all residential rental units in the City constructed prior to January 1, 1978 to have lead-safe certification no later than March 1, 2023.

{¶ 6} The ordinance also sets forth the requirements for obtaining lead-safe

certification as well as the criteria for obtaining an exemption from the requirement.

*See* C.C.O. 365.04(b)-(c).

{¶ 7} Loc.R. 3.015 provides, in its entirety:

A. Complaints in eviction must include, at the time of filing, documentary evidence from the City of Cleveland Department of Building and Housing verifying Lead-Safe Certification of all residential units built before January 1, 1978, unless otherwise exempt. *See* Ordinance Number 747-2019, Section 365.04.

B. Documentary evidence can include a current Lead-Safe Certificate issued by the Director of Building and Housing ("Director"), a Lead-Safe affidavit approved by the Director, an exemption certificate letter, or other form approved by the Director indicating exemption or exception. A copy of the Lead-Safe affidavit approved by the Director can be found at

http://clevelandmunicipalcourt.org/housingcourt/forms

C. Failure to include sufficient documentation, or false, inaccurate, or expired Lead-Safe Certificates may result in sanctions, including, but not limited to, dismissal of the compliant [sic], inability to file a future complaint in eviction related to any residential unit without proof of compliance with Ord. No. 747-2019, Sec. 365.04, or, where warranted, prosecution for perjury.

{¶ 8} Shaker House indicated in its complaint that it was "not attaching an Affidavit of Lead Certification Status, because the Court's local rule 3.015 requiring evidence of the City of Cleveland Department of Building and Housing's Lead-Safe Certification status as precondition to obtaining an eviction is unenforceable." (Complaint ¶ 9.)

{¶ 9} A magistrate held a hearing on Shaker House's forcible entry and detainer claim in September 2021. It is undisputed that Shaker House presented all the necessary evidence to obtain an eviction under R.C. 1923.01 et seq. and complied with all the local rules of the housing court, except for Loc.R. 3.015. No opposing evidence was presented. Shaker House concluded its presentation by requesting "a ruling on the record today, ordering restitution of the premises in this case * * * notwithstanding Local Rule 3.015 because that rule is not permitted by law."

{¶ 10} The magistrate subsequently issued a decision denying Shaker House's claim due to its noncompliance with Loc.R. 3.015. Shaker House filed timely objections to the magistrate's decision. The trial court overruled the objections and entered judgment adopting the magistrate's decision. Shaker House's second claim for relief, seeking money damages, was subsequently dismissed by the trial court. Shaker House now appeals the trial court's judgment.

## II. Law and Analysis

{¶ 11} In its sole assignment of error, Shaker House argues the trial court erred in dismissing its forcible entry and detainer claim due to its failure to comply

with Loc.R. 3.015. Shaker House argues that Loc.R. 3.015 is unenforceable because it conflicts with the landlord's substantive rights under R.C. Chapter 1923.

{¶ 12} Forcible entry and detainer actions are governed by R.C. Chapter 1923. "The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate in the cases especially enumerated by statute." *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 131, 423 N.E.2d 177 (1981), quoting 24 Ohio Jurisprudence 2d 455, Forcible Entry and Detainer, Section 2. "'[G]iven its summary nature, the drafters of the Rules of Civil Procedure were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy.'" *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 739 N.E.2d 333 (2000), quoting *Jackson* at 131.

{¶ 13} R.C. 1923.02(A)(9) creates a cause of action for forcible entry and detainer "[a]gainst tenants who have breached an obligation imposed upon them by a written rental agreement." It is undisputed that Daniel breached the terms of the lease by failing to pay rent. R.C. 1923.04(A) requires the landlord give the tenant notice of the eviction action "three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at the defendant's usual place of abode or at the premises from which the defendant is sought to be evicted." It is undisputed that Shaker House provided Daniel the required three-day notice. As previously stated, it is undisputed that Shaker House complied with all the requirements of R.C. 1923.01 et seq. for immediate possession.

{¶ 14} R.C. 1923.09(A) provides that "[i]f the judge finds the complaint to be true, the judge shall render a general judgment against the defendant, in favor of the plaintiff, for restitution of the premises and costs of suit." The court's judgment does not dispute that Shaker House met all the statutory requirements for restitution of the premises. The trial court denied Shaker House's claim for restitution of the premises solely on grounds that Shaker House failed to demonstrate compliance with Loc.R. 3.015. But Loc.R. 3.015 is not a basis for denying an eviction claim under R.C. Chapter 1923.

{¶ 15} Loc.R. 3.015 effectively adds an additional element to an eviction cause of action that is not required by the eviction statutes. Courts may not add or delete elements to statutory claims by judicial fiat. *Hulsmeyer v. Hospice of S.W. Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 26, *In re Application of Columbus S. Power Co.*, 138 Ohio St.3d 448, 2014-Ohio-462, 8 N.E.3d 863, ¶ 26 ("The court must give effect to the words used, making neither additions nor deletions from words chosen by the General Assembly.").

{¶ 16} The amici argue that because the housing court "has exclusive jurisdiction" pursuant to R.C. 1901.181 to enforce housing codes, it may dismiss a landlord's claim for restitution of its premises as part of its enforcement powers. The amici contend that because the housing court has exclusive jurisdiction over housing matters, it has the power to block summary evictions brought under R.C. 1923.01 et seq.

{¶ 17} R.C. 1901.181 provides that the housing court has exclusive jurisdiction over "any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation * * * ." However, an eviction action is not a "civil action to enforce" any local ordinance.

{¶ 18} The mechanism by which the housing court may enforce C.C.O. 365.04 or any other health and safety law during an eviction is provided in R.C. 1923.15. R.C. 1923.15 provides, in relevant part:

> During any proceeding involving residential premises under this chapter, the court may order an appropriate governmental agency to inspect the residential premises. If the agency determines and the court finds conditions which constitute a violation of section 4781.38 or 5321.04[1] of the Revised Code, and if the premises have been vacated or are to be restored to the landlord, *the court may issue an order forbidding the re-rental of the property until such conditions are corrected.*

(Emphasis added.) Despite the amici's argument to the contrary, there is no authority in the statute for preventing an eviction. If the property is in violation of C.C.O. 365.04 or any other health and safety law, the remedy is to prohibit re-rental of the property until the conditions have been corrected. Preventing an eviction precludes correction of unsafe conditions. The unsafe condition may continue indefinitely because the landlord cannot evict the tenant despite his nonpayment of

---

[1] As relevant here, R.C. 5321.04(A)(1) requires that landlords "[c]omply with requirements of all applicable building, housing, health, and safety codes that materially affect health and safety."

rent, and the tenant has no incentive to vacate the premises voluntarily. This result is contrary to the expressed purpose of C.C.O. 365.04, which is designed to prevent human exposure to the hazards of lead-based paint, not prolong it. *See* C.C.O. 365.04(a).

{¶ 19} Moreover, Loc.R. 3.015 is invalid because it conflicts with a landlord's substantive rights under R.C. Chapter 1923. Article IV, Section 5(B) of the Ohio Constitution provides that the Ohio Supreme Court may "prescribe rules governing practice and procedure in all courts of the state, which rules *shall not abridge, enlarge, or modify any substantive right*." (Emphasis added.) The provision goes on state that other "[c]ourts may adopt additional rules *concerning local practice* in their respective courts which are not inconsistent with the rules promulgated by the supreme court." *Id.* (Emphasis added.) Civ.R. 83 similarly provides that "[a] court may adopt local *rules of practice* which shall not be inconsistent with these rules or with other rules promulgated by the Supreme Court[.]" (Emphasis added.) Thus, the housing court is authorized to adopt local rules of practice provided the rules are consistent with the rules promulgated by the Ohio Supreme Court, which "shall not abridge, enlarge, or modify any substantive right." Article IV, Section 5(B), Ohio Constitution.

{¶ 20} "[I]f a rule created pursuant to Section 5(B), Article IV conflicts with a statute, the rule will control for procedural matters, and the statute will control for matters of substantive law." *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 17, citing *Boyer v. Boyer*, 46 Ohio St.2d 83, 86, 346 N.E.2d

736 (1976). *See also State ex rel. Gudzinas v. Constantino*, 43 Ohio App.3d 52, 53, 539 N.E.2d 173 (11th Dist.1988) ("Although municipal judges have the power under R.C. 1901.14(A)(3) to adopt rules governing the administration of the court, such rules are invalid if they conflict with state statute.").

{¶ 21} A "substantive" law is "'that body of law which creates, defines and regulates the rights of the parties.'" *Id.*, quoting *Krause v. State*, 31 Ohio St.2d 132, 145, 285 N.E.2d 736 (1972). C.C.O. 365.04(a) is a substantive law because it creates a duty on the part of landlords to remediate lead paint on their properties offered for rent. The purpose of Loc.R. 3.015 is to force compliance with C.C.O. 365.04. Requiring proof of compliance with a local ordinance before allowing a party to proceed with an eviction action is not a practice and procedure rule analogous to setting a deadline for requesting a jury or setting discovery deadlines. Loc.R. 3.015 requires that "the presence of deteriorating lead-based paint on the interior and exterior of residential rental structures * * * be identified and correct[ed]." (Amici brief p. 23.) Such a rule is unrelated to the practices and procedures in the housing court. Rather, it imposes the same duty on the landlord to remediate lead-based paint as that created by C.C.O. 365.04, before allowing an eviction to proceed. Therefore, Loc.R. 3.015 is a substantive law, not a procedural one.

{¶ 22} Only the legislature is vested with authority to enact substantive laws. *Houdek v. ThyssenKrupp Materials N.A., Inc.*, 134 Ohio St.3d 491, 2012-Ohio-5685, 983 N.E.2d 1253, ¶ 29 ("The Ohio Constitution vests the General Assembly, not the courts, with the legislative powers of government. [The court's] role, in

exercise of the judicial power granted to [it] by the Constitution, is to interpret and apply the law enacted by the General Assembly, not to rewrite it.").

{¶ 23} In *Lager v. Pittman*, 140 Ohio App.3d 227, 746 N.E.2d 1199 (11th Dist.2000), the court held that a judge's order requiring the county public defender to conduct indigency interviews at a specific time and place was invalid because it conflicted with R.C. 120.05(B), which gave the public defender discretion to decide how to fulfill its obligation to investigate the financial status of potentially indigent defendants. By specifying the time and place for conducting the financial investigations, the court added requirements that were not present in the statute and, therefore, interfered with the public defender's discretion.

{¶ 24} In *Constantino*, the Eleventh District held that a municipal court's local rule charging a fee of $25 for depositing rent with the clerk of courts pending a landlord-tenant dispute was invalid because it conflicted with R.C. 5321.08, a statute that specifically limited the fee to one percent of the amount of deposited. *Constantino*, 43 Ohio App.3d at 53, 539 N.E.2d 173. The municipal court's local rule was invalid because it conflicted with the statute by charging more than the limit prescribed by statute.

{¶ 25} Similarly, in *In re Estate of Duffy*, 148 Ohio App.3d 574, 2002-Ohio-3844, 774 N.E.2d 344, the Eleventh District held that a local probate court rule was invalid because it placed additional restraints on the payment of attorney fees beyond those found in R.C. 2113.36. R.C. 2113.36 provided that reasonable attorney fees "'shall be allowed.'" *Id.* at ¶ 19, quoting R.C. 2113.36. The local probate court

rule prohibited the payment of attorney fees to an executor, who also provided legal services to an estate, if that individual failed to obtain the court's preapproval of a contract for legal services. *Id.* at ¶ 19. The Eleventh District held that the local probate court rule conflicted with R.C. 2113.36 because R.C. 2113.36 did not contemplate the restriction imposed by the local rule on the payment of reasonable attorney fees. *Id.* The local rule was invalid because it imposed an additional requirement on the payment of attorney fees that was not required by the applicable statute.

{¶ 26} As previously stated, Loc.R. 3.015 adds an additional element to an eviction cause of action that is not required by R.C. Chapter 1923, which governs forcible entry and detainer actions. Loc.R. 3.015 also conflicts with R.C. 1923.15, which is the statutorily prescribed mechanism for enforcing health and safety laws during eviction proceedings. As previously stated, R.C. 1923.15 provides that if a landlord violates R.C. 5321.04(A)(1), which requires that landlords "[c]omply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety[,]" "the court may issue an order forbidding the re-rental of the property until such conditions are corrected." While R.C. 1923.15 allows a housing court to block the re-rental of property, it does not authorize the court to prevent an eviction due to a building code violation. Therefore, Loc.R. 3.015 conflicts with R.C. 1923.15 because it imposes an additional requirement for obtaining an eviction not included in the statute. And, as previously stated, Loc.R. 3.015 frustrates the purpose of C.C.O. 365.04, because it prolongs the tenant's

exposure to the hazards of lead-based paint rather than preventing it since it prevents the landlord from obtaining an eviction despite the tenant's nonpayment of rent.

{¶ 27} Finally, amici argue the housing court properly dismissed Shaker House's forcible entry and detainer claim on the equitable grounds. The housing court found that Shaker House was not entitled to restitution of the property because it had "unclean hands" as a result of its noncompliance with Cleveland's lead-safe certification ordinance. (Judgment entry dated Jan. 5, 2022, ¶ 14.) However, forcible entry and detainer is a statutory remedy, not an action in equity. *Dobbins v. Kalson*, 10th Dist. Franklin No. 07AP-831, 2008-Ohio-395, ¶ 10. Although the housing court may exercise equitable powers in other contexts, it may not use equitable powers to frustrate the purpose of the statutory remedy. *Id.* ("The rationale behind excluding eviction proceedings from the civil rules is that forcible entry and detainer is a special, statutory remedy, intended to be a summary proceeding, and its purpose would be frustrated by strict application of the civil rules."), citing *Miele*, 90 Ohio St.3d at 442, 739 N.E.2d 333 ("Given its summary nature, the drafters of the [civil rules] were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy."). "'[W]henever a statute is in conflict with a rule of the common law, or of equity, the statute must prevail.'" *Cousins Waste Control Corp. v. Wellston*, 4th Dist. Jackson No. 94CA733, 1995 Ohio App. LEXIS 2315 (May 26, 1995), quoting *Wellston v. Morgan*, 65 Ohio St. 219, 228 62 N.E. 127 (1901). Therefore, the housing court may

not use its equitable powers to thwart the purpose of the forcible entry and detainer statutes, which is to provide a speedy method for the recovery of possession of leased property.

{¶ 28} Loc.R. 3.015 is invalid because it conflicts with the provisions of R.C. Chapter 1923, which governs forcible entry and detainer actions. The record demonstrates that Shaker House complied with all the requirements of R.C. 1923.01 et seq. for immediate possession. Accordingly, we reverse the trial court's judgment and remand the case to the trial court to grant Shaker House's forcible entry and detainer claim within 30 days of the date of this court's judgment.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cleveland Municipal Court, Housing Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR