[Cite as *State ex rel. Shaker Hts. Apartments Owner, L.L.C. v. Scott*, 2023-Ohio-1901.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., SHAKER HEIGHTS
APARTMENTS OWNER, LLC,                    :

      Relator,                                :

                                      No. 112587

      v.                                     :

JUDGE W. MONA SCOTT, CLEVELAND
MUNICIPAL COURT,                          :

      Respondent.                             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** June 2, 2023

---

Writs of Procedendo and Mandamus
Motion No. 564190
Order No. 564593

---

### *Appearances:*

Dworken & Bernstein Co., L.P.A., Patrick J. Perotti, and
Grant J. Keating, *for relator*.

Mark D. Griffin, Cleveland Director of Law, and Gilbert E.
Blomgren and James R. Russell, Jr., Assistant Directors of
Law, *for respondent*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} On April 4, 2023, the relator, Shaker Heights Apartments Owner,

LLC, commenced this mandamus and procedendo action against the respondent,

Judge W. Mona Scott of the Cleveland Municipal Court, to compel the judge to vacate stays and immediately adjudicate the claims for restitution in 28 underlying forcible entry and detainer cases. The relator averred that the respondent judge had issued the stays on the grounds of unclean hands. Pending in the Cleveland Municipal Court was *Cleveland v. Shaker Hts. Apartments Owner, LLC,* Cleveland M.C. No. 2022CRB005101, a first-degree misdemeanor for failure to comply with an order of the Cleveland Building Department. Judge Scott had issued an order in each of the 28 subject cases, staying the eviction hearings until resolution of the pending criminal case because of the equitable doctrine of clean hands. In seeking the writs, the relator relied on *Shaker House LLC v. Daniel*, 2022-Ohio-2778, 193 N.E.3d 1159 (8th Dist.), in which this court held that the housing court may not use its equitable powers — refusing to adjudicate forcible entry and detainer actions because of unclean hands — to thwart the purpose of the forcible entry and detainer statutes, which is to provide a speedy remedy for the recovery of possession of leased property.

{¶ 2} On April 7, 2023, this court issued an alternative writ of procedendo: vacate the stay orders and adjudicate the 28 forcible entry and detainer actions forthwith or show cause by April 24, 2023, why the stay orders should not be vacated.

{¶ 3} After obtaining a continuance, the respondent judge on May 8, 2023, filed a motion to dismiss on the grounds of mootness. Attached to the motion were orders in each of the 28 subject cases that provided:

> Plaintiff is not currently on the Court's Corporation Docket, and does not currently have an outstanding warrant or capias in a Housing related criminal matter. Therefore, the stay that was placed on this case pending resolution of a pending criminal housing case(s) is hereby lifted. The case shall proceed in its ordinary course, and shall be set for the appropriate hearing/action via separate Entry, if necessary.

The respondent judge then argued that she had complied with this court's order to lift the stay and is proceeding to adjudicate the cases. Thus, the writ action is moot.

{¶ 4} On May 10, 2023, the relator filed its brief in opposition, arguing that the matter is not moot. Seizing upon the journal entries' language that it does not currently have an outstanding warrant or capias in a housing criminal matter, the relator argued that this language shows the judge's prescience of mind to invoke the doctrine of unclean hands in the future to stay future eviction hearings. Therefore, the relator continues this case comes within the "capable of repetition, yet evading review" exception to mootness. Furthermore, the commitment to have the cases proceed in the ordinary course and be set for appropriate hearing or action is not proceeding forthwith. Thus, the relator seeks a declaratory ruling that the respondent judge may not invoke the doctrine of unclean hands to stay forcible entry and detainer actions in the future and must litigate the actions by May 23, 2023. The respondent judge filed a reply brief on May 17, 2023. For the following reasons, this court grants the motion to dismiss.

{¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate

remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987).

{¶ 6} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 696 N.E.2d 1079 (1998). However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue when there is an adequate remedy at law. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992).

{¶ 7} It is too speculative to conclude that this case is capable of repetition yet evading review. It is uncertain whether and when the relator would ever have a criminal housing action pending in Cleveland Municipal Court that would fulfill the necessary condition so that the judge could contemplate invoking unclean hands. Furthermore, it is speculative that the judge would disregard this court's holding in *Shaker House LLC*, 2022-Ohio-2778, 193 N.E.3d 1159. The writs do not issue to compel the observance of the law generally. *State ex rel. Tillimon v. Weiher*, 65 Ohio

St.3d 468, 605 N.E.2d 35 (1992). Nor should the writs be granted in anticipation of a supposed omission of duty. *State ex rel. Home Care Pharmacy, Inc. v. Creasy*, 67 Ohio St.2d 342, 423 N.E.2d 482 (1981). Accordingly, this court declines to apply the "capable of repetition yet evading review" exception to mootness.

{¶ 8} The relator attached the dockets for all 28 of the cases to its brief in opposition. Those records confirm that most of the cases have been set for eviction hearings on May 23, 2023. The ones not so set appear to be beyond the eviction stage. In Cleveland M.C. Nos. 2023-CVG-002091, 2023-CVG-001522, and 2023-CVG-001500, the relator has dismissed the first cause of action. The dockets for Cleveland M.C. Nos. 2023-CVG-001531 and 2023-CVG-001502 indicated that the entire case has been voluntarily dismissed. Cleveland M.C. Nos. 2023-CVG-001934 and 2023-CVG001505 are subject to agreed judgment entries. These dockets convince this court that the respondent judge is proceeding to adjudicate the cases forthwith. To the extent that the relator is unsatisfied with the speed of these cases, the court notes that to further micromanage the respondent judge's dockets would be to interfere with the judge's discretion, for which the writs will not lie.

{¶ 9} Accordingly, this court grants the respondent's motion to dismiss this case for mootness and dismisses this writ action. Each side to bear its own costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 10}** Writ dismissed.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR